# JEPTHA PLASTER

### *v.*

# LOUISA PLASTER.

1. DIVORCE AND ALIMONY—*of a further allowance for maintenance of children.* Under the sixth section of the act respecting divorce, R. S. 196, a court of chancery, having decreed a divorce between a married woman and her husband, giving to the wife the care and custody of the children begotten of the marriage, has jurisdiction to entertain a petition of the wife asking for provision for the future maintenance of such children.

2. LIMITATION—*as to re-payment of expenses incurred.* But where such petition asks for re-payment by the husband to the wife, for her expenditures in the support of the children since the divorce, the claim in that regard must be confined to the five years next preceding the commencement of the suit.

APPEAL from the Circuit Court of Cass county; the Hon. CHARLES TURNER, Judge, presiding.

This was an application, made at the March term, 1866, of the Cass circuit court, by the complainant, Louisa Plaster, for further alimony and maintenance. The petition alleges that complainant, at the November term, 1854, of said court, obtained a divorce from the defendant, Jeptha Plaster; that the decree gave her $250, which the defendant duly paid, and custody of their only child, Lewis E. Plaster; that at the May term, 1855, said cause was stricken from the docket, and no further orders have been made therein; that the child was three years old at the time of the divorce, and complainant was without means; that since that time she has supported the child and herself by her own labor and the $250 aforesaid; that the child is in feeble health, and lame and disordered to such an extent that physicians think he will be a cripple for life; that the defendant is a man of means and amply able to support and educate his said child, and maintain complainant, and repay her for the care, labor, money, etc. she has expended in the support of said child; prays for further alimony, maintenance for the child, and that she be repaid for past services and

money paid in raising the child. To this bill defendant filed a demurrer, which was sustained by the court and the bill dismissed; but on error to the supreme court the judgment was, in part, reversed, and the cause remanded. On November 12, 1868, defendant filed his answer, in which he sets up and relies upon the statute of limitations as a defense of all claims and causes of action accruing more than five years before the filing of the petition. Upon the hearing at the March term, 1869, the court found that the parties were divorced November 13, 1854; that custody of the child was given to complainant, and that a certain sum was given to her as alimony, but nothing for the support of the child, and that the alimony was paid; that complainant had maintained and supported the child from the time of the divorce till time of trial, excepting six weeks, without compensation from the defendant, and decreed that defendant pay to complainant for the support, education and maintenance of the child, from the date of the divorce until the child arrived at the age of fourteen years, the sum of $1200, in satisfaction for support, maintenance, education and care of the child to date of the decree. To reverse this decree defendant appealed.

Mr. G. POLLARD and Mr. HENRY E. DUMMER, for the appellant.

Mr. H. B. McCLURE and Mr. CYRUS EPLER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

Section six of the act respecting divorce, R. S. 196, gives the court jurisdiction to entertain appellee's petition asking for some provision for the future maintenance of the child begotten of their marriage. According to the well settled rule in chancery, when that court once acquires jurisdiction, it can and will do complete justice between the parties, upon the subject matter in litigation.

As the decree in the divorce cause between these parties made no provision for the support of the child, and appellant was shown to be abundantly able to contribute to his support, he was morally an'd legally bound to bear that burthen, the more especially as the mother was in indigent circumstances.

We think, however, that the claim for her expenditures in this regard should be confined to the five years next before the commencement of this suit. The circuit court went beyond this, even back to the time of the divorce. This was error, and for the error the decree must be reversed and the cause remanded.

*Decree reversed.*