JEPTHA PLASTER

*v.*

LOUISA PLASTER

1. ALIMONY—*for support of minor child.* The father is liable to the mother for the maintenance of his minor son, whose custody has been awarded to the mother on divorce, so long as, by reason of his tender years or physical inability to labor, he can not earn his own living.

2. SAME—*limitation.* Where a wife, after divorce, files her bill against her former husband to recover expenses incurred by her in the support and maintenance of their minor child, she will only be entitled to a decree for the expenses incurred during the five years next preceding the commencement of the suit.

APPEAL from the Circuit Court of Cass county; the Hon. CHARLES TURNER, Judge, presiding.

This was a petition in chancery, by Louisa Plaster against Jeptha Plaster, her former husband, for additional alimony for the expenses incurred in supporting their infant son. The circuit court decreed the payment of $400. The petitioner had before obtained a decree of divorce in which the custody of the child was awarded to her.

Mr. G. POLLARD, and Mr. H. E. DUMMER, for the appellant.

Mr. CYRUS EPLER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This cause was before this court at a former term, and is reported in 47 Ill. 290. A detailed statement of the facts will there be found. It was then held appellant was liable for the maintenance of his minor son, although the custody had been awarded to his mother, so long as, by reason of his tender years or physical inability to labor, he could not earn his own living.

The cause was a second time before this court, at the January term, 1870, (53 Ill. 445,) when it was held appellee was only entitled to a decree for the expenses incurred during the five years next preceding the commencement of the suit, viz: from 1861 to 1866, and the decree was accordingly reversed.

On the remandment of the cause, a trial was again had, and a decree rendered in favor of appellee for $400.

It is now sought to reverse the latter decree on the ground that it is unreasonably high. We do not think so. The evidence shows the boy labored all he could be expected to do under the circumstances. He was still young, and was not, during the years to which the inquiry was limited, in good health, and it was hardly possible for him to earn his own support.

In view of the facts in evidence, we do not think the decree of the circuit court was for too much. Indeed, it was quite moderate, and appellant can have no just cause to complain.

The decree must be affirmed.

*Decree affirmed.*