### J. W. Parkinson v. Ida Parkinson.

1. SUPPORT AND MAINTENANCE—*obligation of father to furnish.* The divorce of the father of infant children from his wife (the mother of such children) does not of itself absolve such father from his legal duty to support such infant children, and if such father fails and refuses such support and the mother furnishes the same, she may have her action against such father for such support and maintenance provided the children are, by reason of tender years or infirmity, unable to support themselves.

Action commenced before justice of the peace. Appeal from the County Court of Fayette County; the Hon. BEVERLY W. HENRY, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

ALBERT & ROE, for appellant.

F. M. GUINN, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellee is the divorced wife of appellant and brought this suit before a justice of the peace to recover for the support and maintenance of their five minor children, who since the divorce in 1903 have lived with the appellee.

The case was tried before the County Court without a jury, in which was a finding and judgment in favor of appellee for $164 and costs. Plaintiff submitted three propo-

sitions of law, which were held by the court, and the defendant one proposition, which was refused. Error is assigned upon the court's holding as to these propositions. Under concessions of counsel for appellee, the only question remaining for this court may be fully presented by plaintiff's first proposition which, in substance, is the same as the other two. It is as follows:

"The court holds that a divorce of the father of infant children from his wife—the mother of said children—does not of itself absolve the father from his legal duty to support such infant children; and if such father fails and refuses such support and the mother furnishes such support, she may have her action against said father for such support and maintenance, provided the children are, by reason of tender years or infirmity, unable to support themselves."

The argument of appellant and the cases cited in support of his contention, that there could be no liability without special contract or express promise, are without application, for the reason that the duty to support his infant children is imposed by law, and when he *neglects* and *refuses* to render that support which is necessary, it may be rendered by another, and an action will lie against him upon a promise implied. In none of the cases referred to will it be found that the person sought to be charged, and upon whom the duty rested, had refused support, and that what was done by another was in relief of necessity. In the case of Witzman v. Kerber, 28 App. 174, cited by appellant, we find in the opinion: "It absolutely appears that the appellant took the child as her own and adopted it—in fact, that she stood *in loco parentis*, without any express promise of appellee to pay for the board of the child." By the adoption of the child the law imposed the primary duty on the plaintiff in that case to support it. Further on, the court says: "The appellant based her entire right to recover upon the express promise; * * * she relied wholly on an express promise." That case is cited as being "on all fours with the case at bar," and for that reason we give it special consideration. But we do not find, either in the facts or opinion, support for appellant's contention. Other cases cited are

in the same line, and equally without bearing upon the proposition here involved. The effect of the divorce was to leave the parties, in legal status, the same as if they had never been married. The rights of the appellee in her claim against appellant for support of the children is in no way affected by parental or marital relationship. In Plaster·v. Plaster, 47 Ill. 290, on the petition of a divorced wife for an order of allowance against the father for the support of a minor child in her custody, the court aptly defines the duty and obligation of the father as held by all decisions in this state when that question has been raised. "The law of nature, the usages of society, as well as the laws of all civilized countries, impose the duty upon the parent of the support, nurture and education of children. This duty devolves first upon the father, and next upon the mother, so long as they are of tender years and unable to provide for themselves."

We are not called upon to review the facts further than is necessary to understand the contention made by argument as to the law. The finding of the trial court is conclusive under the propositions held. The court having ruled correctly on the propositions of law submitted by appellee, it follows that it was not error to refuse the one submitted by appellant, it being merely counter thereto.

The judgment of the County Court will be affirmed.

*Affirmed.*