**Dallas Miles, Jr., Plaintiff-Appellee, v. Frances Marie Miles, Defendant-Appellant.**

**Gen. No. 47,558.**

First District, Third Division.

February 11, 1959.

Released for publication March 11, 1959.

. Lochtan & Wolfe, of Chicago, for appellant.

No appearance for appellee.

JUSTICE BURKE delivered the opinion of the court.

On November 4, 1949, Dallas Miles Jr., and Frances Marie Miles were married at Chicago. On December 31, 1952, a decree was entered dissolving the bonds of matrimony on the basis of adultery. On December 20, 1957, the defendant filed a petition stating that the cause was heard as a "default matter"; that the complaint failed to mention that a child had been born to the parties; that the decree made no finding as to a child; that a short time prior to their marriage a son, Donnelly Charles Miles, was born to them; that after the marriage of the parties plaintiff acknowledged this son, treated him as his own and supported him while they lived together; that in his income tax return plaintiff recognized the child as his own and claimed him as a dependent; that since the

entry of the decree plaintiff from time to time made small contributions of money and clothes to the defendant for the support of the child; and that plaintiff is liable for the support and maintenance of the child. The petition further states that the testimony of plaintiff that no children were born to the parties was false; that plaintiff perjured himself in order to fraudulently induce the court to enter a decree without provision for the support of the child; and that since the time of the entry of the decree the child has been in the custody of the defendant. She prayed that the decree be modified by a finding that Donnelly Charles Miles is the child of the parties hereto; that plaintiff be directed to pay a reasonable sum for the support of the child, retroactive to the date of the decree; that plaintiff be required to pay a reasonable attorney's fee in the prosecution of the instant proceeding and that she have such other relief as may be proper.

Plaintiff filed a motion to dismiss stating that the decree found the equities in favor of plaintiff and defendant guilty of adultery; that the decree sets forth that no children were born nor any adopted as a result of the marriage; that the decree is a final order and settled all matters pertaining to the marital status of the parties; that a period of five years elapsed since the entry of the decree until the filing of the petition; that "the principle of estoppel would apply to the defendant" and that the defendant "would be guilty of laches." The chancellor dismissed the petition for want of equity. The defendant appeals. Plaintiff has not filed a brief.

■ ■ Contrary to the statement in the motion to dismiss, the decree does not say that no child was born as a result of the marriage or that no child was adopted by the parties. The duty of a parent to sup-

377

port his minor child arises out of a natural relationship. Dwyer v. Dwyer, 366 Ill. 630; Nelson v. Nelson, 340 Ill. App. 463. When the parents of a child are divorced and no provision is made in the decree for the care and custody of a minor child, the father remains bound to provide reasonable and proper support for the minor child, depending upon the age, ability and circumstances of the child. This is true so long as the child by reason of its tender years or physical ability cannot earn his or her own living. The divorce decree does not relieve the father of his duty to support his minor child. Boyle v. Boyle, 247 Ill. App. 554; Plaster v. Plaster, 67 Ill. 93. In Kelley v. Kelley, 317 Ill. 104, it was held that a wife who was suing her husband for divorce could not obtain alimony unless she did so at the time the decree was entered, but that subsequently she might file a petition in the divorce proceeding and obtain support for minor children upon a proper showing. It was further held there that where a wife obtained a divorce and the decree made no provision for alimony the former husband was under no obligation to support his former wife, but that his obligation to support his minor children was not affected by the decree of divorce although the decree made no provision for the support of the children and that by virtue of the provisions of Section 18 of the Divorce Act (Par. 19, Ch. 40, Ill. Rev. Stat. 1957) a petition might afterwards be filed and an order entered in the divorce proceeding requiring the father to support his children. See Freestate v. Freestate, 244 Ill. App. 166, 168. In the latter case the court held that although a petition for increased maintenance for defendant's invalid daughter was not filed in the divorce proceedings for more than 10 years after the entry of the decree, the court had jurisdiction to enter an order therefor upon a proper showing.

378

Section 12 of the Probate Act (Par. 163, Ch. 3, Ill. Rev. Stat. 1957) provides than an illegitimate child whose parents intermarry and who is acknowledged by the father as the father's child, shall be considered legitimate. See Hall v. Gabbert, 213 Ill. 208, 216. Section 4 of the Marriages Act (Sec. 4, Ch. 89, Ill. Rev. Stat. 1957) states: ". . . Provided, however, that all marriages commonly known as 'common law marriages' hereafter entered into shall be and the same are hereby declared null and void unless after the contracting and entering into of any such common law marriage a license to marry be first obtained by such parties who have entered into such common law marriage and a marriage be solemnized as provided by this Act in the same manner as is provided for persons who have a license to be joined in marriage and are about to be joined in such marriage, and any children born to parties who have entered into such common law marriage shall be and are deemed legitimate upon the parents having obtained a license to marry and are married in the manner provided in this Act."

■ The order of March 25, 1958, dismissing the petition for want of equity is reversed and the cause is remanded with directions to enter a rule on the plaintiff to answer the petition and for further proceedings consistent with the views expressed.

Order reversed and cause remanded with directions.

FRIEND, P. J. and BRYANT, J., concur.