People of the State of Illinois, ex rel. Annie Mae Hartshorn, Petitioner-Appellee, v. George D. Hartshorn, Respondent-Appellant.

Gen. No. 11,192.

Second District, Second Division.

April 2, 1959.

Released for publication April 20, 1959.

Samuel Nineberg, of Chicago, for respondent-appellant.

William L. Guild, State's Attorney, Jack Bowers, successor State's Attorney, Paul S. Schmid, Assistant State's Attorney, all of Wheaton (William V. Hopf, Assistant State's Attorney, of counsel) for appellee.

JUSTICE CROW delivered the opinion of the court.

This is an appeal from an order of the County Court of Du Page County, entered in a proceeding under The Uniform Reciprocal Enforcement of Support Act, ch. 68, Ill. Rev. Stats. 1957, par. 50 ff., ordering the respondent, George D. Hartshorn, father of a minor child, Gary Hartshorn, born August 6, 1951, to pay $25 per week for the care and support of the child.

A verified petition for support under the Act was filed by Annie Mae Hartshorn in the Superior Court of Clayton County, Georgia,—Georgia being a State in which this or a substantially similar reciprocal law had been enacted, and Georgia being the "initiating

State" thereunder, the State of domicile or residence of the petitioner,—in substance alleging that, *par. 1*, she is the former wife of George D. Hartshorn, the respondent, they were married July 4, 1948, and she resides at College Park, Georgia; that, *par. 2*, she is the mother and the respondent is the father of the dependent Gary Hartshorn, born August 6, 1951; that, *par. 3*, she and the child are in need of and entitled to support from the respondent under the Act; that, *par. 4*, the respondent on and subsequent to May 3, 1957, refused and neglected to provide fair and reasonable support for her and the child according to his means and earning capacity, his profession is mechanical engineering, his average income is approximately $10,000 annually, a divorce decree of 1953 included an order for $25 weekly support for the child, he reduced the payments to $15 weekly in January, 1957, the last payment was May 3, 1957, she lacks any means of support, she must have at least $25 weekly for the child whose health is poor and who cannot be provided proper medical attention, and she and the child are forced to depend on her brother for necessities as she is unable to work; and that, *par. 5*, the respondent resides or is domiciled at Hinsdale, Du Page County, Illinois. A pauper's affidavit subscribed by her is attached to the petition.

A Judge of the Superior Court of Clayton County, Georgia, executed a certificate under the Act to the effect, inter alia, that the petition set forth facts from which it may be determined the respondent owes a duty to support, that the Court in the responding State may obtain jurisdiction of the respondent or his property, and that in the opinion of the Judge the respondent should be compelled to answer the petition.

The respondent, by a verified answer, answered the petition in the County Court of Du Page County, Illinois,—Illinois being the "responding State" and cop-

ies of the petition etc. having been filed there pursuant to the Act,—admitting pars. 1, 2, and 5, that the petitioner is his former wife, that Gary Hartshorn is their son, born August 6, 1951, and that the respondent resides or is domiciled at Hinsdale, Du Page County, Illinois; and denying pars. 3 and 4, that the petitioner and the child are in need of and entitled to support from the respondent under the Act, and that the respondent on and subsequent to May 3, 1957 refused and neglected to provide fair and reasonable support for the petitioner and the child according to his means and earning capacity, etc. In connection with his answer as to par. 4, the respondent attached a purported copy of a decree for divorce of January 12, 1954 of the Circuit Court of Cook County, Illinois in George Hartshorn, plaintiff v. Anna Mae Hartshorn, defendant, No. 53C15902, reciting the defendant was served by publication, defaulted, and the complaint was taken as confessed. The decree found the defendant had wilfully deserted the plaintiff October 30, 1952, there was one child, Gary Hartshorn, the defendant had taken the child to Georgia without the plaintiff's consent, thereby depriving the plaintiff of his visitation rights, and reserved the questions of the plaintiff's visitation rights and of support for the child. His answer to par. 4 further states that the Decree of divorce did not include any order for $25 weekly support or any other sum. As a paragraph 6 of his answer the respondent alleges as a further defense that he has often requested visitation rights, the petitioner has refused, the petitioner is not affording the child a proper home, and the respondent has requested the child be returned to him so he may properly care for him and have his rights of visitation.

The petitioner filed an "affidavit" in response to the respondent's answer, setting forth the mother's version of the circumstances of the separation of the

parties, certain of her legal opinions, denies refusing visitations, and denies paragraphs 4 and 6 of the respondent's answer.

■■ The petitioner did not testify personally, or by deposition, or by interrogatories, at the hearing. The foregoing "affidavit" of the mother was offered in evidence on behalf of the petitioner. It was objected to by the respondent. We can find nothing, however, to indicate any ruling by the Court one way or the other on the objection, or whether the "affidavit" was or was not received in evidence. We will not search the record for possible error. Where the cause is heard by a Judge alone, without a jury, we will assume, in the absence of some contrary indication, that the Court, so far as evidence is concerned, considered only competent evidence and disregarded incompetent offers. The opening statement of counsel for the respondent indicates the respondent's chief concern at the trial was with establishing the fact of the prior decree for divorce of January 12, 1954, that it contained no provision for any child support, and that the petitioner had previously been mailed a copy of the decree.

A review of the testimony of the respondent at the hearing reveals, so far as material, that on October 30, 1952, his then wife, together with the minor child, went to Atlanta, Georgia, to visit her sick father; that he visited her and the child at least three times while she was in Georgia; that he asked her to return to Chicago, but that she refused; that he subsequently filed suit for divorce against her in Chicago, charging desertion; and ultimately there was the decree. The respondent's statement of facts in his brief herein recites, in part:

"For a time after the divorce respondent voluntarily paid $25.00 per week support, and in January, 1957, paid $15.00 per week until May 3, 1957, when he

95

stopped paying. . . . he stopped because he many times asked her to come back and desired custody of the child in Illinois, where he had remarried, had a home and two other children by his new wife."

The respondent's earnings in 1957 were about $15,000, he said, though at the time of the hearing in March, 1958, he said he was then starting his own business and did not have much earnings.

The respondent's theory is that he was wrongfully deprived of visitation with his minor child, that he now offers to make a home for the child in Illinois, and that he should not be compelled to pay support in Georgia where the child was taken without his consent and against his wishes; and, further, that the court failed to follow the procedural rules set forth in the Reciprocal Act for proof necessary to be made by the petitioner once her petition was controverted.

As to the respondent's point concerning the procedural rules set forth in the Act, he urges that after the petition for support was controverted by him the Court had no jurisdiction to entertain the petitioner's affidavit as evidence and was duty bound to demand testimony or legally admissible proof from the petitioner in Georgia.

The Act provides, in part, Ch. 68, Ill. Rev. Stats., 1957, par. 55, that:

". . . It shall not be necessary for the petitioner or the petitioner's witnesses to appear personally at such hearing, . . . If at such hearing the respondent controverts the petition and enters a verified denial of any of the material allegations thereof, the judge presiding at such hearing shall stay the proceedings and transmit to the judge of the court in the initiating State . . . a transcript of the Clerk's minutes showing the denials entered by the respondent. . . ."

Then follow the statutory provisions under which, where applicable, the Judge of the Court in the initiat-

ing State is to take proof, make a recommendation, transmit to the Court in the responding State a transcript, the Court in the responding State resumes its hearing, the respondent has a reasonable opportunity to appear and reply, and each party may examine the other or his witnesses by deposition or written interrogatories.

Accordingly, it was not necessary for the petitioner,—or any of petitioner's witnesses there may have been,—to appear personally at this hearing. And the only circumstances, under that paragraph, under which the Court in the responding State, Illinois, is to stay the proceedings and transmit anything to the Court in the initiating State, Georgia, to take proof, etc. are *"if at such hearing the respondent controverts the petition and enters a verified denial of any of the material allegations thereof."*

The respondent's verified answer here denied only paragraphs 3 and 4 of the petition. Paragraph 3 was to the effect that the petitioner and the child are in need of and are entitled to support from the respondent under the Act. The only relief actually sought by the petition, or granted by the order, is child support, not support for the mother herself. To the extent the respondent's answer denied that paragraph as related to the mother such is not a denial of a material allegation. The allegation, in effect, that the child is entitled to support from the respondent under the act is simply of a legal opinion or conclusion, and is not an allegation of ultimate fact. The respondent's denial thereof, to that extent, is not a denial of a material allegation. The remaining allegation, in effect, that the child is in need of support from the respondent may possibly be an allegation of ultimate fact, though it partakes greatly also of the character of an opinion or conclusion, but, assuming it to be a proper allegation of material, ultimate fact, the purported denial thereof in the respondent's answer, if he really

97

intended to deny such as to the child, which appears doubtful, the child being only about 6½ years old at the time of the hearing,—must be considered in connection with the respondent's testimony, and the fact the respondent at the hearing testified he had since January 12, 1954 to January, 1957 paid $25 per week, and from January, 1957 to May 3, 1957 $15 per week, for support of the child, confirms the self evident fact that the child is in need of support.

Paragraph 4 of the petition was to the effect that the respondent on and subsequent to May 3, 1957 refused and neglected to provide fair and reasonable support for the petitioner and child according to his means and earning capacity, and went on with certain allegations concerning the respondent's profession, his earnings, a supposed divorce decree, payments of child support actually made by the respondent, their termination by the respondent, the petitioner's financial position, the child's alleged needs, etc. The very fact the respondent at the hearing testified he had made certain payments for child support from January 12, 1954 to May 3, 1957 and had stopped paying May 3, 1957 is some evidence of his refusal, declination, or neglect to provide support for the child on and subsequent to May 3, 1957, and that evidence does not controvert but in effect admits the petition to that extent. Insofar as paragraph 4 attempted, erroneously,—to set forth a supposed provision of the divorce decree for child support payments, such was wholly immaterial, irrelevant, and unnecessary, and to the extent the respondent's answer denied such that was not a denial of any material allegation thereof.

■ Hence under the circumstances, it cannot be said that at this hearing the respondent has controverted the petition and entered a verified denial of any of the material allegations thereof, considering the nature of the allegations, his answer, and his testi-

98

mony. There was, therefore, no duty on the Court to stay the proceedings and transmit anything to the Court in Georgia.

As to the respondent's substantive point on the merits, he urges that where a wife takes the minor child from the jurisdiction where the husband and wife reside, without the consent or order of the Court, thus depriving the father of his visitorial right, he is under no legal obligation to support the child.

As we view the argument of the respondent, he evidently admits his general legal obligation to support his minor son,—his brief saying at one place that he has no quarrel with the general proposition that a father is liable for the support of his minor children even though a prior divorce decree between the father and mother may be silent on the subject, and at another place that he recognized the obligation to support his child,—he voluntarily paid sums of money for support. But the respondent argues that where the wife "takes" a minor child from the jurisdiction where the husband and wife reside, without the "consent" of the father, or an "order" of a Court, thus "depriving" the father of his visitorial rights, he is, under those circumstances, under no legal obligation to support the child. Here the wife went to Georgia with the minor son to visit her ill father in October, 1952, long prior to the divorce proceeding and decree of January 12, 1954, in Cook County, Illinois. Her original going to Georgia was evidently not without respondent's consent, though after a time her continued stay there with the child evidently was without his consent. Nor did she "take" the minor child to Georgia or keep him there contrary to any Court order,—there was no order then or ever of the Circuit Court of Cook County or any other Court on the subject. The service in the divorce case was by publication, and, the child not then being before the Court, the Circuit Court of Cook Coun-

ty had no jurisdiction over the defendant wife or child in that proceeding at that time to make an order as to custody, or to order her to return the child to Illinois, and it did not so order. The divorce decree refers only to a reservation of the question of visitation rights and support money for the minor child, and did not purport to deal with custody, or to order the defendant wife to return the child to Illinois.

In Trimble v. Trimble (1958) 16 Ill.App.2d 408, referred to by the respondent, which was not a proceeding under this Act, there had been a divorce case in which the Court had full jurisdiction of the plaintiff husband, defendant wife, and four minor children, and in the decree custody had been given the wife, and certain child support and alimony ordered paid by the husband. Subsequently the husband filed a petition for suspension of child support and alimony, etc. on the grounds the wife had since moved to California and taken the children with her. The wife filed a counterpetition for contempt, etc. against the husband for not paying some of the child support and alimony, etc. The trial court dismissed both the petition and counterpetition. The petitioner husband did not appeal and filed no brief on the respondent wife's appeal. The Appellate Court reversed and remanded the order dismissing the wife's counterpetition.

In State of Illinois ex rel. Shannon v. Sterling (1956) 80 N.W.2d 13, 248 Minn. 266 also cited by the respondent, there had been a divorce decree in a Minnesota Court which had full jurisdiction of the husband, wife, and three minor children, custody was given the wife, subject to visitation rights in the father, and child support was directed to be paid by the father. Some three years later the mother left for Illinois, with the children, without consent of the father or approval of the Minnesota Court. The mother then started a petition in an Illinois Court under the Uniform Recip-

rocal Enforcement of Support Act for child support. The cause was heard in a Minnesota Court. The trial court dismissed the petition. The Supreme Court reversed and remanded the order insofar as the decision of the trial court pertained to the duty of the husband to make payments of support money in the future.

The facts and circumstances in both of those cases were entirely different from those of the present case, though the actual disposition of both cases was apparently more favorable to the position of the mother than the father.

Eberhart v. Eberhart (1922) 153 Minn. 66 and Goldner v. Goldner (1955) 309 N. Y. 675, the only other cases referred to by the respondent, also involved prior divorce or separate maintenance decrees in proceedings where the court had full jurisdiction of the husband, wife, and minor children, and then some later removal by the mother, with the children, to some other jurisdiction. Neither was a proceeding under this Act, and the facts, circumstances, and positions of the parties were so different from this case that they are not helpful. The Eberhart case is discussed in State of Illinois v. Sterling (1956) 80 N.W.2d 13, 248 Minn. 266. There is no opinion of the Court of Appeals in the Goldner case.

■ Independent of the provisions of the Uniform Reciprocal Enforcement of Support Act, when the parents of a child are divorced and no mention is made in the decree for the care and custody of the minor child, under the law, the father is still bound to provide a reasonable and proper support for the minor child, depending on the age, ability, and circumstances of the child, and of the father, whether the child is in the possession of the mother or someone else; the divorcing of the father from the mother does not relieve the father from his duty to support the infant

child: Boyle v. Boyle (1928) 247 Ill. App. 554, in which case the father had obtained a divorce from the mother on the grounds of desertion, the minor child, 4 years old, was not mentioned in and no provision made in the decree for his care, custody, and support, and the Appellate Court affirmed a judgment for the mother, with whom the child lived, against the father in a suit brought after the divorce to recover money necessary for the support of the child from the time of the divorce to the time of suit. A divorce of the parents does not abrogate the moral and legal obligation of the father to support his minor child: Parker v. Parker (1948) 335 Ill. App. 293, in which the Appellate Court held that a minor child, whose parents had previously been divorced in Indiana in a case where no child support order could be or was entered against the defendant father because he was outside of Indiana and served only by publication, could maintain a petition in equity for child support in an Illinois Court against the defendant father, he having an established Illinois residence and it being possible here to obtain personal jurisdiction over him, and reversed and remanded the judgment of the trial court dismissing the petition for lack of jurisdiction, and in which case the Court said, p. 297:

"The divorce of petitioner's parents, however, did not abrogate the moral and legal obligation of the defendant to support his minor child. (Kelley v. Kelley, 317 Ill. 104; Panther Creek Mines v. Ind. Comm., 296 Ill. 565; Plaster v. Plaster, 47 Ill. 290; Hoover v. Hoover, 307 Ill. App. 590.)

"The binding character of this obligation was emphasized by the Illinois Supreme Court in Kelley v. Kelley, supra, at p. 110:

" 'While the marriage relation may be dissolved and the marital rights and duties thereby brought to an end, the relation of parent and child cannot

'102

be destroyed. The obligation of the father to support his child begins when the child is born and continues during the minority of the child. This obligation of the father to support his minor child is not affected by the decree granting a divorce, nor by a decree granting the care and custody of his child to his wife or some other suitable person. . . . His children are his blood. It is not their fault that their parents have been divorced. It is their right to be given care by those who brought them into the world until they are old enough to take care of themselves.' "

Under the Uniform Reciprocal Enforcement of Support Act, Ch. 68, Ill. Rev. Stats., 1957, par. 52:

"For the purposes of this Act:

"(a) . . . Both husband and wife are severally liable for the support of any child or children under 18 years of age, . . . If possessed of sufficient means or able to earn such means a husband may be required to pay for the support of his . . . child or children a fair and reasonable sum according to his means, as may be determined by the court having jurisdiction of the husband in a proceeding instituted under this act . . . .

"(e) Notwithstanding the fact that the respondent has obtained a final decree of divorce or separation from his wife or a decree dissolving his marriage, the father is liable for the support of any dependent child of the marriage. . . ."

The purpose of the Act is to secure support in civil proceedings for, among others, dependent children from persons legally responsible for their support: (par. 50).

■ By the terms of the Act (pars. 50, 51, 52, 52.1, 52.2, 53, 54) as well as by the common law, the respondent father is liable for the support of any dependent child of his under 18 years of age,—and this notwithstanding the respondent had obtained a decree

.103

of divorce from his former wife. His child here is under 18 years of age. The child is in need of and entitled to support from the respondent, who is legally liable for such support by the laws of the states where the respondent and child reside (there being no contention the law of Georgia is different from that of Illinois), and hence is a dependent. That duty of support binds the respondent in Illinois regardless of the presence or residence of the child. The Illinois Court has jurisdiction regardless of the State of residence or domicile of the child in Georgia, if Georgia has,—as it does,—laws substantially similar or reciprocal to the Illinois Act. The respondent being a resident of, domiciled in, and found in Illinois and the child residing in Georgia,—another State having substantially similar or reciprocal laws,—such is one of the types of cases where a proceeding may be maintained under the Act. The order here is, under the circumstances, in keeping with the purpose of the Act to secure support in this civil proceeding for the dependent child from a person legally responsible for his support,—the respondent father.

The material allegations of this petition being admitted, or not denied, and not controverted at the hearing, and the status of the pleadings and competent evidence being as they were, the Order was not in error and will be affirmed.

Affirmed.

WRIGHT, P. J. and SOLFISBURG, J., concur.