RUTH LELAND (formerly Ruth Brower), Appellee, *vs.* RICHARD F. BROWER, Appellant.

*Opinion filed September 27, 1963.*

NEISTEIN, RICHMAN & HAUSLINGER, of Chicago, (ARTHUR ABRAHAM, of counsel,) for appellant.

VICTOR NEUMARK and IRVING S. FRIEDMAN, of Chicago, for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

On the complaint of Ruth Leland, formerly Ruth Brower, the superior court of Cook County registered an Ohio divorce decree under which she had been awarded custody of the parties' three children. The superior court then modified it by ordering the former husband, Richard F. Brower, to pay her $300 per month for the children's support. The defendant appeals directly to this court contending, *inter alia,* that the superior court failed to give full faith and credit to the Ohio decree.

The Ohio decree incorporated an agreement dated April 24, 1961, pursuant to which the husband relinquished to plaintiff all interest in the parties' two pieces of real estate, and the plaintiff promised to provide the entire support of the children for a period of three years. The agreement recited that by reason of severe business reversals the husband had no assets of any value and that the purpose of the arrangement was to enable him to make a fresh start.

The plaintiff thereafter remarried and moved to Cook County, Illinois, taking the children with her. Her present complaint, filed April 19, 1962, alleges that the defendant is now able to provide support. There is neither allegation nor proof that the plaintiff is unable to comply with her agreement to provide the support, or that the children are not being supported. She testified that she was a housewife, having "no income at all," and that her present husband supports the children. She further testified that she had sold the properties, and that "about $8000 was realized from the property that was sold about January of 1962."

This court has held that a decree providing for child support or alimony is entitled to full faith and credit, not only as to accrued installments but also as to payments becoming due in the future. (*Light* v. *Light,* 12 Ill.2d 502.) But this does not mean that the amount of support money may not be increased or decreased in the State of the forum (*Allain* v. *Allain,* 24 Ill. App. 2d 400), at least where it is subject to such modification in the State where rendered. In *People*

*ex rel. Koelsch* v. *Rone,* 3 Ill.2d 483, we pointed out that "The requirement of full faith and credit for judgments affecting custody of children depends upon the effect which they are accorded in the State where they were rendered. A judgment has no constitutional claim to a more conclusive or final effect in the State of the forum than it has in the State where rendered." We further observed that where it is not shown that the foreign law differs on the point we will presume it is the same as the law of this State. In Illinois the obligation of a father to support his child begins when the child is born and continues during the minority of the child. (*Kelley* v. *Kelley,* 317 Ill. 104.) This obligation is not affected by a decree granting a divorce and awarding custody to the wife, nor can he be relieved of it by agreement with her.

The law does not prescribe in detail the manner in which he must fulfill this obligation, however, and in the absence of some showing that the children in the case at bar are in need despite the support provided by or through the plaintiff, the arrangement incorporated in the divorce decree cannot be ignored. The record discloses no basis for the order entered. The defendant had obtained employment as a salesman, paid on a commission basis, but the meager evidence introduced on the point is vague and confusing as to the amount of his earnings, if any.

The court treated the case as if the only question involved was his current ability to pay, and at the conclusion of the hearing announced "I am going to take as a basis on that job he earned $1200. I am also going to assume as a traveling man it takes about $10.00 a day for expenses while he is away from home. * * * I will assume he is earning about $1,000 a month, and I will use my usual formula I use for all children. That will be 30 per cent of $1,000. That will be $300 a month for the support of the children." There is little or nothing in the record to support these assumptions nor has the plaintiff made any

showing whatever that she was unable to support the children herself, for the period designated in the divorce decree.

The order appealed from, requiring defendant to pay support money in the amount of $300 per month, is reversed, without prejudice to either party to petition for the children's support.

*Order reversed.*