**Barbara Sturdy, Plaintiff-Appellant, v. Thomas Sturdy, Defendant-Appellee.**

Gen. No. 10,676.

Fourth District.

February 21, 1966.

 

Miles Gray and Harlington Wood, Jr., both of Springfield, for appellant.

Roscoe Bonjean, of Springfield, for appellee.

TRAPP, P. J.

Plaintiff appeals from the judgment of the trial court entered when the court dismissed plaintiff's petition, and the latter elected to stand upon said petition.

On January 29, 1960, plaintiff obtained a decree for divorce from the defendant, which decree found that the parties had been married on September 30, 1959. The complaint for divorce alleged that the marriage had been consummated and that there was a possibility of issue, and prayed that the custody and support of any child born be reserved. Defendant's answer to such complaint denied a lawful marriage, denied the consummation of the marriage, and denied the possibility of issue to the parties. The decree found that the parties were married but had not lived together subsequent to the marriage, and after appropriate finding, granted a divorce, the decree barring each from any claim of alimony and barring any claim of homestead or dower each in the property of the other. No finding or reservation is in the decree with regard to children born or who might thereafter be born.

The petition in issue, after amendment, alleges that the defendant is the natural father of the minor child born on May 2, 1960, and that at the time of the marriage it was known to the defendant that the petitioner was

some two months pregnant. The petition prays the reinstatement of the cause and a modification of the decree so that the care and custody of the minor child be awarded to the petitioner, and appropriate provision for support to be paid by the defendant be made by the court.

The motion filed by the defendant asks dismissal of the petition as being a collateral attack upon the decree entered, there being no reservation of jurisdiction by the court to provide for a child born to the parties, and alleges that the minor child is, under the language of chap 106¾, § 51 (Ill Rev Stats), a child born out of wedlock, that there is no presumption of its legitimacy and that the action is barred by the language of § 54 of that chapter, more than two years having elapsed since birth of the child.

A court of equity, as an incident to disposing of marital matters, has the power to determine the legitimacy of children. The Supreme Court has held that a child born within a competent time after the termination of a marriage is legitimate. Sugrue v. Crilley, 329 Ill 458, 160 NE 847; Zachmann v. Zachmann, 201 Ill 380, 66 NE 256.

Again, it has been the law of this State that proof of antenuptial conception does not destroy the presumption of legitimacy, Zachmann v. Zachmann. In Dill v. Patterson, 326 Ill App 511, 62 NE2d 249, the parties who had been living together were married some five months before the birth of the child. The husband filed suit for divorce before the child was born, claiming that there were no marital relations during the period of the marriage. The court held that it could properly be found that the child was legitimate and that the defendant was liable in an action for its care and support.

We cannot accept the argument of the defendant that by reason of the sequence of the events alleged,

the minor child is necessarily a "child born out of wedlock," or that the status, rights and procedures for procuring support of such child are delimited solely by the provision of chap 106¾, § 51, et seq. (Ill Rev Stat), "An Act in relation to the paternity of children born out of wedlock."

■ For purposes of such Act, a "child born out of wedlock" is a child whose parents were not married to each other at the time of its birth. It further provides that a child shall not be considered as born out of wedlock if its parents were married at the time of conception but divorced at the time of birth, or if after conception or birth, the marriage of its parents is declared void. The language setting out exceptions to the status of illegitimacy reflects that where marriage of the parents has intervened, the child is not to be considered as "born out of wedlock." We cannot hold that the fact that this Act omits to state the particular sequence of conception, marriage, divorce and birth that is alleged here, requires this court to hold that this minor child was "born out of wedlock." Neither authority, nor reason, suggests any legislative intent that the Paternity Act reduces or restricts the power of a court of equity under the Divorce Act, chap 40, § 19 (Ill Rev Stats), for providing for the support of minor children. Many opinions of the court demonstrate the contrary as will be shown hereafter.

Defendant concedes in his argument that upon a petition filed in the divorce proceedings within two years of the date of the decree, the trial court would have had jurisdiction to determine the questions of paternity and the support of the child. He points out, however, that this petition constitutes a collateral attack upon the decree and that it cannot be sustained as a proceeding for relief under § 72 of the Practice Act, since that section requires the relief to be sought within two years of the date of the decree.

The authorities cited by the defendant are Cherin v. The R. & C. Company, 11 Ill2d 447, 143 NE2d 235, and People v. O'Keefe, 18 Ill2d 386, 164 NE2d 5. Each of these cases concerned motions to vacate an order for judgment directing a tax deed. In each instance it was held that a petition, more than 30 days after the date of the decree, constituted a collateral attack upon the order. In neither opinion is there reference to proceedings under § 72 of the Practice Act.

Coolbaugh v. Coolbaugh, 33 Ill App2d 444, 178 NE2d 702, is the only case that we have discovered wherein the requirements of § 72 of the Practice Act were applied to a motion to vacate a decree in divorce proceedings. Following a decree by default, defendant filed an unverified motion to set aside or modify the decree. Such was done by the trial court and the decree was modified with relation to a certain property settlement. The modifying order was reversed upon appeal, the court pointing out that the motion made after 30 days was a collateral attack upon the decree, and that error in obtaining waiver of the 60 day waiting period was not a ground for relief under § 72 of the Practice Act. There was no question of support of children mentioned in this opinion.

Where the support of a minor child is the problem before the court, no cases have been cited, and we have found none which hold that the proceedings may be a collateral attack upon a divorce decree, or that the two year period provided in § 72, Civil Practice Act, may bar the relief.

On the contrary, all of the authorities disclose the extreme concern of courts of equity to consider the children of the divorced parents as wards of the court and to exercise virtually all powers necessary to protect the interest of the child. The view was strongly stated in Kelley v. Kelley, 317 Ill 104, 147 NE 659 (1925), wherein the wife obtained a divorce upon service by publication, the decree awarding custody of the child to the plain-

tiff. Subsequently she obtained personal service upon a petition in the same cause asking for alimony, for support of the child and for attorney's fees. The defendant moved to dismiss, alleging that the court was without jurisdiction. The trial court entered a decree providing for alimony, child support and attorney's fees. The opinion points out that under the statute then in effect, the court could not award alimony where the decree was entered without personal service and that the then statute authorizing the alteration of alimony did not apply where there was no alimony provided in the original decree. The court said, in effect, that the wife waived her right to alimony by proceeding to a decree without personal service. The court, however, pointed out that it was the policy of the court to regard children as its wards and that the Act authorized orders for care and support of a child pending the suit or upon decree, and that it may be altered from time to time. Pointing out that the relation of parent and child cannot be destroyed, the court said that the obligation of the father begins when the child is born and continues during its minority and that such obligation is not affected by a decree granting divorce or granting custody, and that there was no doubt that the court might require the father to show cause why he should not be required to support the child.

In 1947 the Act to revise the law in relation to divorce, chap 40, § 19 (Ill Rev Stats) was amended to include the language:

> ". . . Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support, it may at any time after the entry of a decree for divorce, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for alimony and maintenance of the spouse and the care and support of the children as, from the evidence

475

and nature of the case, shall be fit, reasonable and just. . . ."

In Lombardi v. Lombardi, 31 Ill App2d 184, 175 NE2d 582, the court held that the effect of such Amendment is that even where there has been service by publication so that there is no decree *in personam*, the court, by a subsequent order, may provide alimony. The court, in Lombardi, pointed out that since the 1947 Amendment found in chap 40, § 19, (Ill Rev Stats), the court in the original divorce case, upon obtaining jurisdiction of the person of the defendant by summons or proper notice, is required to make such order for the care and support of the child as from the evidence and nature of the case shall be fit, reasonable and just. It is not necessary for the plaintiff to file a new suit or to proceed under any other statute.

In Miles v. Miles, 20 Ill App2d 375, 156 NE2d 371, the husband obtained a decree of divorce in 1952. In 1957 the wife filed a petition stating that the cause had been heard as in default, that the complaint failed to mention that a child was born to the parties and made no finding as to such child, and prayed that the decree be modified so that the husband be required to pay a reasonable sum for its support, retroactive to the date of the decree, together with a reasonable attorney's fee. The husband filed a motion to dismiss, stating that the decree found the equities in his favor and that it was final and settled all matters pertaining to the status of the parties, and that five years had elapsed since the entry of the decree so that the wife was guilty of laches and should be estopped to make the claim. The court held that it was error to dismiss the petition for want of equity and cited various authorities that the duty of the parent arises out of the natural relationship, and that when the decree for divorce of the parents makes no provision for the care of the minor child, the father remains bound to provide reason-

able and proper support and that such duty is not relieved by the fact that the father procures a decree of divorce.

■ There is a consistent holding by the courts that even where the decree of divorce does not mention the child and does not award custody or provide for care, nonetheless, the duty of the father to provide support will be enforced by the court. Boyle v. Boyle, 247 Ill App 554, Miles v. Miles, 20 Ill App2d 375, 156 NE2d 371; and People, ex rel. Hartshorn v. Hartshorn, 21 Ill App2d 91, 157 NE2d 563. The degree of interest of the court in this matter is demonstrated by those opinions which, under appropriate circumstances of the physical condition of the child, may require the father to provide support for periods beyond the minority of the child. Strom v. Strom, 13 Ill App2d 354, 142 NE2d 172; Freestate v. Freestate, 244 Ill App 166.

The record discloses that the pleading of the parties stated issues as to the legitimacy of the minor child and the child's right to support at the time of the hearing which culminated with the decree of divorce. For reasons not disclosed by the record, these issues were not passed upon by the trial court. We do not believe that the finding of the trial court, that the parties did not live together subsequent to the marriage, is conclusive upon these issues. Dill v. Patterson, 326 Ill App 511, 62 NE2d 249.

■ The minor child in this case has a right to be supported by its father. Lombardi v. Lombardi, 31 Ill App2d 184, 175 NE2d 582; Kelley v. Kelley, 317 Ill 104, 147 NE 659. As stated in Collins v. Collins, 14 Ill2d 178 at p 184, 151 NE2d 813:

"It is a settled principle of law that where parties are in pari delicto, the court will refuse to extend them aid, but it is equally true that where the State is an interested party, the contributing guilt of the

477.

parties to the suit will not bar the granting of relief. The State is often called a "third party" to every suit for divorce or nullity of marriage. It is interested in the protection of the marriage relation, and the welfare of society. Plaintiff is not barred from bringing this action to vacate because she was a party to the divorce action and knew the pleadings failed to set forth sufficient allegations and testified in support thereof. Jardine v. Jardine, 291 Ill App 152."

 In Leland v. Brower, 28 Ill2d 598, 192 NE2d 831, it is stated that the obligation of the father to support a child is not controlled by any agreement of the wife so far as courts of equity are concerned.

In a case involving these issues, the court must speak with the voice of the public conscience and take the measures reasonable to ascertain and protect the rights of the child.

The decree of the trial court is reversed and remanded for the determination of issues which may be raised upon appropriate pleadings.

Reversed and remanded.

SMITH and CRAVEN, JJ., concur.