(No. 45593.—

MARILYN GILL, Appellee, v. ROBERT GILL, Appellant.

*Opinion filed Nov. 30, 1973.—Rehearing denied Jan. 29, 1974.*

KLUCZYNSKI, GOLDENHERSH, and RYAN, JJ., dissenting.

Belkind & Polikoff and Bochte, Camodeca & Timpone, of Chicago, for appellant.

Gomberg, Missner & Schaps, of Chicago, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The question presented on this appeal is whether it was proper for the trial court to direct the father of a child to reimburse the mother for moneys expended after their divorce for their child's support during his infancy.

The circuit court of Cook County entered such an order in favor of the plaintiff, Marilyn Gill, against her former husband, Robert Gill, and the appellate court affirmed (8 Ill. App. 3d 625). We granted the defendant's petition for leave to appeal.

Marilyn and Robert Gill were married on April 10,

1948. One child, Richard Michael, was born of the marriage. On June 28, 1956, after a suit for divorce was brought by Marilyn Gill and Robert Gill was served by publication, a decree of divorce was entered in favor of the plaintiff on grounds of physical cruelty and desertion. The decree awarded custody of Richard, who was then five years old, to his mother and reserved the question of child support, alimony and attorney's fees.

On May 27, 1971, the plaintiff obtained personal service of the original complaint and summons in the divorce action upon the defendant and served him on June 3 with a copy of her petition to be reimbursed for expenditures for the support of their child from June 28, 1956, through June 1971.

Mrs. Gill testified at the hearing held in July 1971 that she had provided the sole support for their son from prior to June 28, 1956, to June 28, 1969, when he graduated from high school and became employed. She said that it had cost approximately $25 per week to provide his support during the 13-year period. She testified that she did not have any knowledge of her husband's whereabouts from the time of his desertion of her until he communicated with their son in May of 1971 and apparently told the son where he was living.

At the conclusion of the hearing the trial court granted the petition and ordered the defendant to pay Mrs. Gill $13,500 as reimbursement for moneys spent for the child's support and $500 in legal fees. The amount of reimbursement was determined on the basis of allowing the plaintiff $20 per week for the 13-year period, commencing on June 28, 1956, and ending on June 28, 1969.

There is no substance to the defendant's argument on appeal that the order to reimburse was a *nunc pro tunc* order and therefore invalid. Seemingly he claims that the order relates back to the time the divorce decree was entered and because, he says, he was not personally served

at that time the court had no jurisdiction over him and could not enter the order to reimburse.

The function of a *nunc pro tunc* order is "to supply some omission in the record of an order which was really made but omitted from the record." (*People v. Rosenwald, 266 Ill. 548, 554.*) It is clear that in the original proceeding there was no order "really made" relative to the obligation to provide child support. That question was expressly reserved in the divorce decree. The order to reimburse was not entered to correct an order made but omitted from the original decree.

The defendant next contends that the trial court's order directing him to pay, retroactively, support for the child is void. He argues that under section 18 of the Divorce Act (Ill. Rev. Stat. 1969, ch. 40, par. 19) a court has authority only to award support prospectively from the date it acquires jurisdiction to the point in time when the child becomes emancipated. Putting the same contention in different form, he says that the court had no authority to order support for any period of time prior to the claimant's obtaining *in personam* jurisdiction over the defendant.

The language of section 18 clearly does not favor the interpretation the defendant would give it. The section states: "Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support it may at any time after the entry of a decree for divorce, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for the *** support of the children as, from the evidence and nature of the case, shall be fit, reasonable and just ***."

The section does not restrict the court as to when it may order payment for child support. "[The] court *** may at any time after the entry of a divorce decree, upon obtaining jurisdiction *** make such order for *** support." Neither is the balance of the section's language

restrictive; it confers a completely broad discretion and authority on the court as to the character of the support order it can enter. The court is empowered by it to "make such order for the *** support of the children as, from the evidence and nature of the case, shall be fit, reasonable and just ***." We consider that the statute's language clearly conferred on the trial court the authority to enter the order. The interpretation sought by the defendant would be patently unreasonable. It would encourage those charged with an obligation to support children to abscond so as to avoid personal service and thereby evade their legal obligation.

Apart from the statute, the trial court, under our case law, had authority to enter the order for reimbursement.

As early as 1868 this court in *Plaster v. Plaster, 47 Ill. 290, 293,* held that a divorced wife had a right to reimbursement from her former husband for support given their minor child. The wife in *Plaster* had been given an award for alimony in gross and given custody of the child, but no provision had been made for his support. This court held that the trial court erred in dismissing the mother's petition, filed 12 years after the decree of divorce, for reimbursement and for future child-support payments. It was said: "*** defendant in error was *** liable for reasonable compensation for his [the child's] past support as well as that in the future."

In *Kelley v. Kelley, 317 Ill. 104,* a wife, after service on her husband by publication, secured a decree of divorce. No award was entered for alimony or child support. When the husband, who had been out of State, returned to Illinois the court obtained *in personam* jurisdiction over him and ordered him to pay, *inter alia,* child support. This court held (317 Ill. at 110) the order was proper, saying: "The obligation of the father to support his children begins when the child is born and continues during the minority of the child. This obligation of the father to support his minor child is not affected by

the decree granting a divorce, nor by a decree granting the care and custody of his child to his wife or some other suitable person. [Citation.] His children are of his blood. It is not their fault that their parents have been divorced." (See also *Leland v. Brower*, 28 *Ill.2d* 598, 600; *Miles v. Miles*, 20 *Ill. App. 2d* 375; *Parkinson v. Parkinson*, 116 *Ill. App.* 112; *Johnson v. Johnson*, 239 *Ill. App.* 417; *Boyle v. Boyle*, 247 *Ill. App.* 554; *People ex rel. Hartshorn v. Hartshorn*, 21 *Ill. App. 2d* 91; *Loss v. Loss*, 80 *Ill. App. 2d* 376, 380-382.) These decisions conform to the view held in the majority of jurisdictions that when a divorce decree provides for the custody of a child but is silent as to the question of child support, a mother may maintain an action against her former husband for moneys expended by her after the decree to support the child. See 69 A.L.R. 203, 209.

The defendant's next contention of error is that the plaintiff should have been barred by the doctrine of *laches* from obtaining a judgment for reimbursement.

This court in *Pyle v. Ferrell*, 12 *Ill.2d* 547, 552, described the doctrine: "*Laches,* or the doctrine of stale demand, as it is sometimes termed, is a defense peculiar to equity which is bottomed on the reluctance to aid one who has knowingly slept upon his rights and acquiesced for a great length of time [citation], and its existence depends on whether, under all circumstances of a particular case, a plaintiff is chargeable with want of due diligence in failing to institute proceedings before he did." The court went on to add that the doctrine is invocable by a defendant only when there is: "(1) Conduct on the part of the defendant giving rise to the situation of which complaint is made and for which the complainant seeks a remedy; (2) delay in asserting the complainant's rights, the complainant having had notice or knowledge of defendant's conduct and the opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his

suit, and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is held not to be barred." 12 Ill.2d 547, 553.

Mrs. Gill testified that her former husband deserted her in 1956 and that she did not learn where he could be located until he communicated with Richard in May of 1971. She promptly took steps to obtain personal service upon the defendant and served notice that she was filing the petition concerned in this appeal. This testimony by the plaintiff was not disputed. The defendant's claim of *laches* is founded solely on a portion of the cross-examination of the plaintiff. Though the record on the cross-examination is not completely clear it appears that the plaintiff conceded that the defendant's mother had come from California and visited her and Richard approximately two years after the divorce. Also, about that time the plaintiff spoke to the defendant once on the telephone, though there is nothing to suggest that the plaintiff knew where the defendant was at the time of the call. Also it appears that the plaintiff had at some time observed an automobile similar to one the defendant had driven during the time of their marriage. The defendant argues that this material, plus the claim that he apparently owns a home in Cook County and pays taxes on it, and has a home telephone, should have barred the plaintiff's claim on the ground of *laches*. However, it must be pointed out that there was no evidence whatever introduced that the defendant owns a home in Cook County or elsewhere, or that he pays taxes or has a home telephone, whether listed or not. The defendant's attorney at the hearing in the course of argument merely told the judge that the defendant owns a home and pays taxes on it and has a home telephone. The defendant did not testify to this and did not offer any evidence to rebut the plaintiff's testimony of her ignorance of his whereabouts. The material developed on the plaintiff's cross-examination was patently insufficient to support a claim for *laches*.

We consider that none of the requirements described in *Pyle v. Farrell, 12 Ill.2d 547,* for the application of the doctrine were present here.

The defendant claims, too, that in the absence of strict proof of damages, it was improper for the trial court to enter a "money judgment" against the defendant. No authority is cited to support the contention under the circumstances here.

This court observed in *Miezio v. Miezio, 6 Ill.2d 469, 472:* "Although the discretion of the trial court in matters relating to the custody and support of minor children is a judicial one and subject to review, *(Nye v. Nye, 411 Ill. 408,)* the determination should not be disturbed upon appeal unless manifest injustice has been done. *(Buehler v. Buehler, 373 Ill. 626.)*" It cannot be said on this record that the trial court's determination was improper. The defendant earned $4,000 per year in 1956 and his annual earnings had increased in 1971 to $13,000. Without any consideration of the depreciated purchasing power of the dollar, it can be said that allowing the plaintiff's reimbursement at the rate of $20 per week for Richard's support was reasonable.

There is no merit in the final argument of the defendant, which is that he was not given adequate notice to prepare his defense. On June 15, 1971, almost a month before the hearing in the case, the plaintiff filed a petition that included this prayer for relief: "[t]hat the defendant be ordered to pay to the plaintiff, a sum equal to the maintenance and support of the minor child, Robert Michael, from June 28, 1956, to date." A copy of the petition was served on the defendant on June 3. We would note, too, that no motion was made by the defendant to have the hearing continued; nor was any claim made that he was not prepared to go ahead on the day of the hearing.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE KLUCZYNSKI, dissenting:

The majority refers to the order entered herein as one for reimbursement. I agree with this classification although the majority subsequently intimates that it was a support order.

The majority accepts the proposition "that when a divorce decree provides for the custody of a child but is silent as to the question of child support, a mother may maintain an action against her former husband for moneys expended by her after the decree to support the child." To buttress its position that the courts possess the inherent authority to enter an order requiring reimbursement payments for child support extending over a 13-year period the majority primarily relies upon two decisions of this court. While the majority correctly summarizes the pertinent facts of *Plaster v. Plaster* (1868), 47 Ill. 290, it is interesting to note that the *Plaster* decision resulted in two subsequent appeals to this court. Upon remand from the initial *Plaster* decision the trial court ordered support retroactive to the date of the divorce decree, a period of approximately 11 years. On appeal from this order this court stated that "the claim for her expenditures in this regard [child support] should be confined to the five years next before the commencement of this suit. The circuit court went beyond this, even back to the time of the divorce. This was error, and for the error the decree must be reversed and the cause remanded." (*Plaster v. Plaster* (1870), 53 Ill. 445, 447.) The litigation culminated in this court's affirmance of a lesser award predicated upon this five-year period. *Plaster v. Plaster* (1873), 67 Ill. 93.

*Kelley v. Kelley* (1925), 317 Ill. 104, presents a situation which is factually dissimilar from the present case. There a divorce was obtained after service by publication. Several months thereafter the circuit court secured *in personam* jurisdiction over the husband. The court held that an order for child support could be

entered subsequent to the divorce decree. However, the child to whom this support decree would confer a benefit was an infant at the commencement of the action.

If relief is to be granted to plaintiff in this cause, the majority would be required to restrict the order for reimbursement to a period not to exceed the five-year interval immediately preceding the commencement of the action. Under the circumstances of this case reimbursement payments should be granted for only three years because the child was emancipated for two years.

I must further disagree with the majority's construction of section 18 of our Divorce Act. It interprets this provision as conferring authority upon a court, which obtains *in personam* jurisdiction of the defendant, to enter a retrospective order relating to child support. This is achieved without consideration of any time limitation. Section 18 must be considered in its entirety. It provides:

> "When a divorce is decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just and, in all cases, including default cases, the court shall make inquiry with respect to the children of the parties, if any, and shall make such order touching the care, custody, support and education of the minor children of the parties or any of them, as shall be deemed proper and for the benefit of the children. The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable.
>
> If alimony, child support or both, is awarded to persons who are recipients of aid under 'The Illinois Public Aid Code', approved April 11, 1967, as amended, the court shall direct the husband or wife, as the case

may be, to make the payments to (1) the Illinois Department of Public Aid if the persons are recipients under Articles III, IV, or V of the Code, or (2) the local governmental unit responsible for their support if they are recipients under Articles VI or VII of the Code. The order shall permit the Illinois Department of Public Aid or the local governmental unit, as the case may be, to direct that subsequent payments be made directly to the former spouse, the children, or both, or to some person or agency in their behalf, upon removal of the former spouse or children from the public aid rolls; and upon such direction and removal of the recipients from the public aid rolls, the Illinois Department or local governmental unit, as the case requires, shall give written notice of such action to the court.

Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support it may at any time after the entry of a decree for divorce, upor obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for alimony and maintenance of the spouse and the care and support of the children as, from the evidence and nature of the case, shall be fit, reasonable and just, but no such order subsequent to the decree may be made in any case in which the decree recites that there has been an express waiver of alimony or a money or property settlement in lieu of alimony or where the court by its decree has denied alimony.

In any order entered pursuant to this Section, the court may order the defendant to give reasonable security for such alimony and maintenance or such money or property settlement, or may enforce the payment of such alimony and maintenance or such money or property settlement in any other manner consistent with the rules and practices of the court, where a party willfully refuses to comply with the court's order to pay alimony and maintenance or to perform such money or property settlement, or has shown himself unworthy of trust. No alimony or separate maintenance shall accrue during the period in which a party is imprisoned for failure to comply with the court's order. A party shall not be entitled to alimony and maintenance after remarriage; but, regardless of remarriage by such party or death of either

party, such party shall be entitled to receive the unpaid installments of any settlement in lieu of alimony ordered to be paid or conveyed in the decree.

The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper. However, after the children have attained majority age, the court has jurisdiction to order payments for their support for educational purposes only." Ill. Rev. Stat. 1971, ch. 40, par. 19.

Section 18 confers authority upon a court to enter an order for child support based, in part, upon the circumstances of the parties. The majority's interpretation of section 18 might be construed to permit a petition by the father for reimbursement of a portion of his prior support payments if it could be determined that they were excessive.

Moreover, to accept the premise that section 18 "does not restrict the court as to when it may order payment for child support" necessarily connotes that said order may be entered, in effect, at any time even if the child has been emancipated for a lengthy period of time. Section 18 provides carefully delineated authority with relation to child-support orders and their subsequent modification. While I agree that its language is not "restrictive," I find that the plain reading of this provision cannot support the unrestricted interpretation placed upon it by the majority. This is borne out by consideration of section 24 of the Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1971, ch. 68, par. 124), which specifically provides for reimbursement of support. It is therefore clear that the legislature was aware of the distinction between reimbursement orders and those orders pertaining to present or future support payments, yet section 18 is silent as to the former.

In effect the majority has permitted reimbursement

to the parent of a son, who was an adult at the time this action was commenced. While undoubtedly plaintiff assumed the obligation of support for many years, the relief she may be entitled to must be based either upon pertinent statutes or case law. Section 18 does not provide the basis for the relief she seeks and under the second *Plaster* decision she would be entitled to an amount based upon the five-year period preceding commencement of the suit.

GOLDENHERSH and RYAN, JJ., join in this dissent.