THE PEOPLE *ex rel.* BARBARA J. LIGHTBODY, Petitioner-Appellant, *v.* THEODORE M. LIGHTBODY, Respondent-Appellee.

Fifth District   No. 81—534

Opinion filed March 9, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Rosalyn B. Kaplan, Assistant Attorney General, of counsel), for appellant.

No brief filed for appellee.

JUSTICE WELCH delivered the opinion of the court:

This cause comes before us following an order of the circuit court of St. Clair County granting respondent's motion to dismiss. Petitioner Barbara Lightbody and respondent Theodore M. Lightbody were divorced by a decree of the circuit court of Fayette County, Kentucky, on May 10, 1979. Custody of the children was awarded to the respondent and no order of support was entered against either party. Petitioner subsequently obtained a modification of the Kentucky decree in the Third District Court of Bristol, Massachusetts, on December 1, 1980. The Massachusetts modification provided that custody of the two children be transferred from the respondent to the petitioner. Again, no support order was entered.

Petitioner initiated this action in Massachusetts on January 13, 1981, to obtain an order requiring the respondent, who lives in Illinois, to make support payments for their two children. This order was sought pursuant to the provisions of the Revised Uniform Reciprocal Enforcement of Support Act (URESA). (Ill. Rev. Stat. 1981, ch. 40, par. 1201 *et seq.*) The petitioner stated at that time that she needed $75 per week for the support of herself and her children. After the petition was certified by a justice of the Massachusetts court, it was transferred to the circuit court of St. Clair County. Respondent moved

to dismiss the petition, asserting that since no prior support order had been entered against him, he had not breached any duty of support and, therefore, petitioner had no remedy under URESA. The circuit court allowed the motion to dismiss on September 10, 1981. Petitioner appeals.

Initially, we note that the respondent has not filed a brief in this court. However, we will consider the merits of the appeal pursuant to the authority of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■■ ■ The purpose of URESA is to "improve and extend by reciprocal legislation the enforcement of duties of support." (Ill. Rev. Stat. 1981, ch. 40, par. 1201.) The legislation expressly authorizes a court to enter an order for support against the obligor once the court finds that a duty of support exists. (Ill. Rev. Stat. 1981, ch. 40, par. 1224.) A "duty of support" is defined as any such duty *"whether imposed or imposable by law* or by order, decree, or judgment of any court, whether interlocutory or final or whether incidental to an action for dissolution of marriage, legal separation, or otherwise and includes the duty to pay arrearages of support past due and unpaid." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 40, par. 1202(b).) The use of the word "imposable' indicates that the duty enforceable under URESA need not be limited to one previously imposed by a court. This reading of the statute is consistent with the well-established principle that the wording of a statute should not be presumed to be surplusage. *Hirschfield v. Barrett* (1968), 40 Ill. 2d 224, 239 N.E.2d 831, *cert. denied* (1969), 393 U.S. 1062, 21 L. Ed. 2d 706, 89 S. Ct. 716; *Donahoo v. Board of Education* (1952), 413 Ill. 422, 109 N.E.2d 787.

A number of other jurisdictions have recognized the propriety of entering a support order for the first time in a URESA proceeding. For example, in *Clarkston v. Bridge* (1975), 273 Or. 68, 72, 539 P.2d 1094, 1096, the Oregon Supreme Court held that "URESA authorizes both the finding and the enforcement of duties of support which have not been previously established in another proceeding." The Supreme Court of Washington has observed that if the law were otherwise, an erstwhile spouse could avoid a duty of support simply by moving to a foreign State. (*Davidson v. Davidson* (1965), 66 Wash. 2d 780, 405 P.2d 261.) Under such circumstances, the petitioner would be without a remedy as to support whenever an imposable duty of support was not actually imposed. *Davidson v. Davidson;* see generally *Brown v. Thomas* (1968), 221 Tenn. 319, 426 S.W.2d 496; *Harmon v. Harmon* (1958), 160 Cal. App. 2d 47, 324 P.2d 901.

While several Illinois cases seem to reject the concept of entering

a support order for the first time in a URESA proceeding, we find these cases to be factually distinguishable. For example, in *Super v. Armstrong* (1980), 83 Ill. App. 3d 1062, 1064-65, 404 N.E.2d 1008, 1009-10, the court stated that URESA is "intended as a supplementary device to enforce support orders previously entered and is not designed to serve as an independent basis for the imposition or termination of support orders." However, in *Armstrong* a prior support order was entered as part of the divorce decree. Therefore, unlike the case at bar, the Illinois URESA court was not entering a support order for the first time (*Super v. Armstrong*), and the above-quoted language can only be seen as *dicta*. This *dicta* is unsupported by the language of the act and is contrary to the weight of authority from other jurisdictions.

Likewise, other cases relying on the *Armstrong dicta* are factually distinguishable from the instant case since support orders were already in existence in those cases. (*Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785; *People ex rel. Oetjen v. Oetjen* (1981), 92 Ill. App. 3d 699, 416 N.E.2d 278; *People ex rel. Noah v. Gasik* (1980), 91 Ill. App. 3d 980, 415 N.E.2d 452; *People ex rel. St. Louis v. St. Louis* (1980), 90 Ill. App. 3d 449, 413 N.E.2d 157.) Thus, the reviewing courts in the above-mentioned cases were never fully presented with the question of whether it is proper to enter a support order for the first time in a URESA proceeding.

■■ We find it would be inequitable to allow a former spouse to escape any duty of support by moving to another jurisdiction. The trial court's order granting respondent's motion to dismiss would allow such a result and would also undercut the nationwide uniformity URESA is intended to promote. (Ill. Rev. Stat. 1981, ch. 40, par. 1241.) Therefore, the respondent's motion to dismiss the petition in the instant case because no prior support order had been entered against him should have been denied.

For the foregoing reasons, the trial court's order granting respondent's motion to dismiss must be reversed and this cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HARRISON, P.J., and KASSERMAN, J., concur.