THE PEOPLE *ex rel.* WILLIAM M. GRIBBINS, Plaintiff-Appellee, v. JU-
DITH LOUISE SKOPITZ, Defendant-Appellant.

Fifth District   No. 5—84—0084

Opinion filed July 3, 1985.

Charles R. Burns, of Edwardsville, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (James P. Nally, As-
sistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE KARNS delivered the opinion of the court:

This appeal concerns an action brought originally in the Fayette
Circuit Court, State of Indiana, pursuant to the Indiana version of the

Uniform Reciprocal Enforcement of Support Act (URESA) (Ind. Code 31—2—1—1 *et seq.* (1980)), by William L. Gribbins, a resident of Indiana, against his former wife, Judith Louise Skopitz, a resident of Illinois.

The parties' marriage was dissolved May 5, 1967, in Indiana. William attempts to collect support arrearages in the amount of $7,260 allegedly due under an Indiana modification order, dated November 9, 1979, directing Judith to pay thenceforth for support of their two minor children in the sum of $25 per week per child. He also made a demand for current support. The Indiana petition was duly registered in the circuit court of Madison County on November 15, 1982, pursuant to the Illinois Revised Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1981, ch. 40, par. 1201 *et seq.*).

Judith answered the petition in Illinois by denying all allegations therein and filed a "counter complaint" in Illinois five months later in which she claimed support arrearages of $12,000 allegedly owed her for the benefit of the minors pursuant to the original Indiana divorce decree and judgment for support in 1967. Her claim includes the period from the initial order of support, May 5, 1967, to November 9, 1979, within most of which period she had legal custody of the minors and William was obligated to pay support of $10 per week per child. We would note that in her memorandum to the circuit court she resolved that arrearages totaled $9,220, William having satisfied support payments in the amount of $2,780. We would also note, however, that she makes no adjustment for the period from April 28, 1978, when William was awarded custody in Indiana and on which date she asserts his obligation to pay her support on behalf of the minors terminated, to November 9, 1979, when she was ordered to begin her payment of support obligation.

The circuit court of Madison County certified Judith's counterclaim to the initiating State, whereupon William there moved to dismiss it on grounds that the April 28, 1978, Fayette Circuit Court order of modification of support and change of custody precluded her claim because, by agreement of the parties, the Indiana court abated Williams' duty to pay support retroactive to January 1, 1970. The Indiana court, without elaboration, dismissed Judith's counterclaim by order dated June 28, 1983.

On November 1, 1983, after receiving memoranda from both parties, the circuit court of Madison County entered an order of dismissal on Judith's counterclaim. The circuit court found that it did not have jurisdiction over William under URESA and that any claim for money owed to Judith had been waived, ostensibly because of her court-sanc-

tioned agreement of April 28, 1978, referred to herein. The circuit court relied on the order of dismissal of the counterclaim in Indiana and concluded that the issue was res judicata.

Finally, in January 1984 the circuit court of Madison County ruled on William's original URESA petition. The court ordered Judith to pay $5 per week on a stipulated arrearage emanating from a former adjudication in Ohio and also ordered her to pay current support in the amount of $25 per week effective January 27, 1984. The court's order makes no mention of arrearages.

Judith has framed a single issue for our consideration: whether the circuit court erred by dismissing her counterclaim. While we have no quarrel with her rather broad assertion that under URESA noncollateral issues may be cognizable by way of defense or counterclaim, still this case by its unusual facts and deficient record requires an affirmance of the circuit court's judgment, as we find that Judith has raised an issue collateral to the relief sought in William's petition.

■ ■ The primary purpose of URESA is to secure support for dependent children from persons legally responsible for their support. (*Paredes v. Paredes* (1983), 118 Ill. App. 3d 27, 454 N.E.2d 1014.) The URESA proceeding is a separate, independent action to enforce support obligations, and the remedies provided under the Act are "in addition to and not in substitution for any other remedies." (Ill. Rev. Stat. 1981, ch. 40, par. 1203; *People ex rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 416 N.E.2d 278.) URESA creates no duty of support but simply provides a means to enforce a duty of support as it may exist under the law of the responding State. See, *e.g., Ray v. Pentlicki* (Fla. App. 1979), 375 So. 2d 875, wherein the court held that the duty of support enforceable under URESA was circumscribed by the termination order entered in the underlying dissolution proceedings.

■ In *People ex rel. Kerl v. Kerl* (1979), 75 Ill. App. 3d 347, 393 N.E.2d 1305, the court noted that where an order is issued in another court before the URESA court has rendered its decision, the URESA court must conform its support order to the amount allowed and, more importantly, where the order in the other action terminates support altogether, a pending URESA petition must be dismissed. We believe the rationale of *Kerl* applies to this case where the order of the Indiana court on April 28, 1978, terminated William's obligation retroactively effective January 1, 1970, and where Judith's counterclaim attempts recoupment of those sums which are no longer due by virtue of that order. As stated in *People ex rel. Franks v. Franks* (1970), 126 Ill. App. 2d 51, 261 N.E.2d 502, where Illinois is ·the responding

State under URESA and where the duty of support has been established by a sister State, the Illinois court should not, as a matter of policy, redetermine the question of the duty of support. No special circumstances exist in the instant case which would justify abrogation of that policy. Moreover, we believe this URESA action does not provide the appropriate forum to question the propriety of that Indiana modification of support order. Relief from an objectionable divorce order should be sought through appeal or modification in that action, not through means of an URESA proceeding. (*People ex rel Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 416 N.E.2d 278.) William has sufficiently established that Judith owes a duty of support from November 9, 1979, and we find no error in the circuit court's decision to have that obligation enforced.

Affirmed.

JONES, P.J., and HARRISON, J., concur.