MARCIA NERINI, a/k/a Marcia Knight, Plaintiff-Appellee, v. DOMENIC NERINI, Defendant-Appellant.

Second District   No. 85—0014

Opinion filed January 31, 1986.

William G. Rosing and Stephen G. Applehans, both of Rosing, Applehans & Smith, of Waukegan, for appellant.

Kendrick L. Scott, of Roger A. White & Associates, of Lake Bluff, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Domenic Nerini, defendant, appeals from a judgment of the circuit court of Lake County in favor of his ex-wife, Marcia Nerini, now known as Marcia Knight, plaintiff, for back child support.

The parties were divorced under the Divorce Act, which was then in effect, in a judgment entered April 20, 1964. Custody of the one child born of the marriage, Kimberly, was awarded to plaintiff. No child support was awarded. The court expressly retained jurisdiction for the purpose of entering such orders as may be required for the support and maintenance of plaintiff and the minor child born of the marriage. Plaintiff filed a petition in August 1984 and an amended petition on September 14, 1984, asking for past child support from the date of the birth of the child. She also requested a fair and just proportion of Kimberly's 1984-85 college expenses. Following a hearing on the petition, the trial court awarded plaintiff $18,720, representing $20 per week child support for 18 years. The court further ordered that defendant's tax refund for 1984 of approximately $2,500, based on his joint tax return, be delivered directly to plaintiff, and the balance of the judgment to be paid by defendant at the rate of $70 per week. An order for withholding of income was entered on December 19, 1984.

Defendant raises four issues on appeal: (1) whether the trial court had statutory authority to award retroactive child support, (2) whether the doctrines of *laches* and equitable estoppel bar plaintiff from seeking an award of child support, (3) whether the record was insufficient to support a judgment of $18,720 for retroactive child support and (4) whether the trial court was without authority to award defendant's entire joint tax refund to plaintiff.

The parties were married December 29, 1962, at which time plaintiff was 15 years old. The parties never lived together. A child, Kimberly, was born January 10, 1963, and plaintiff filed a complaint for divorce on January 20, 1964. Plaintiff sought custody of the child, but no specific request was made for child support. Defendant was personally served with summons in the divorce proceedings on January 28, 1964, while he was incarcerated in Vandalia Correctional Center. Defendant, also a minor at the time, through his appointed guardian *ad litem*, filed an answer and submitted to the jurisdiction of the court. The decree of divorce was entered April 20, 1964, and contained three decretal paragraphs. First, the divorce was granted on the grounds of desertion. Second, exclusive custody, control and supervision of the minor child was awarded to plaintiff, free from any right of visitation on the part of defendant. Third, the court expressly retained jurisdiction for the purpose of entering orders as may be thereafter required for child support and maintenance.

When plaintiff filed her petition for child support, the child was 21 years old and a senior at Eastern Illinois University. Relevant testimony adduced at the hearing on the petition showed that defendant was 18 years old at the time of his marriage to petitioner. He has been married twice since then and is now supporting seven children, two from his second marriage who live with him, three from his current marriage, and two daughters of his third wife from a previous marriage. Defendant testified that he hasn't seen his daughter Kimberly since 1968 and he wasn't asked to support her. Since Kimberly's birth, he has lived in Lake County, the last five years in Lake Villa and before that in Highland Park, and has had a telephone listed in his name except for one year. He further testified that he earns approximately $28,000 a year and his wife is unable to work because of a medical disability. They own a $65,000 house with two mortgages totalling $58,000 to $60,000 and are in arrears on mortgage payments in the amount of $1,200.

Plaintiff testified that she has lived in the Lake County area the last 20 years and talked to defendant six to 10 times since their divorce. She stated that she had dinner with him on the occasion of

Kimberly's fifth birthday in 1968 and that she had asked defendant for help in supporting Kimberly. He replied that he didn't have any money. She stated that she never had sufficient funds to hire an attorney to get child support. She didn't know defendant's home address from the time Kimberly was three to five years old and was told several years ago by a friend that he had moved to Wisconsin. She admitted she hadn't tried to locate him. She also testified that defendant's mother threatened her when she was 16 or 17 that if she tried to get support from defendant, his mother would prove her an unfit mother and take Kimberly away. She further testified as to Kimberly's expenses since 1977 and that she decided to file the petition because Kimberly had school loans of about $7,800 and she believed it would be worth a try to see if defendant could contribute so Kimberly wouldn't have so many loans when she finished school.

Defendant then testified that he had not authorized any threats made by his mother.

The first issue raised by defendant is whether the trial court had the statutory authority to award retroactive child support to plaintiff. He argues that there must be statutory authority under the Illinois Marriage and Dissolution of Marriage Act in order for a court to grant retroactive child support and the relevant statutory provisions do not provide authority for this award. He contends that section 505(a) does not apply as there was personal jurisdiction at the time of the divorce and section 510(a) could not authorize an award of retroactive child support as that section only allows modification of child support subsequent to the date of filing a petition. Ill. Rev. Stat., 1984 Supp., ch. 40, par. 505(a); Ill. Rev. Stat. 1983, ch. 40, par 510(a).

Before responding to the merits of defendant's first contention, plaintiff raises in her brief two arguments which she asserts foreclose consideration of the issue raised by defendant. First, plaintiff maintains that defendant, while answering her original petition, failed to answer her amended petition which constitutes an admission either of the entire amended petition, or of at least the unanswered additional allegations in the amended petition. Plaintiff, however, never objected to this failure to answer in the trial court and the matter was tried as though the material allegations were denied. Where a party proceeds with the case as though his adversary's pleadings joining issue were on file, he waives the adversary's failure to plead. (*Public Electric Construction Co. v. Hi-Way Electric Co.* (1978), 62 Ill. App. 3d 528, 532, 378 N.E.2d 1147.) Second, plaintiff contends that defendant did not raise below the issue of the statutory authority of the trial court to award retroactive child support. In a motion to

strike, defendant did assert, *inter alia*, the lack of jurisdiction of the court to award support to an adult child and, generally, the insufficiency at law of the petition. Moreover, the trial court, in its letter opinion denying the motion to strike, clearly considered its authority to order back support under these circumstances. We find the theory raised on appeal is not different in substance from that raised below to bar consideration on review.

While the decree of divorce was entered pursuant to the now repealed Divorce Act, the Illinois Marriage and Dissolution of Marriage Act (Act), which replaced the former law, applies "to all proceedings commenced after its effective date [October 1, 1977] for the modification of a judgment or order entered prior to the effective date of this Act." (Ill. Rev. Stat. 1983, ch. 40, par. 801(c); *Siegel v. Siegel* (1981), 84 Ill. 2d 212, 217-18, 417 N.E.2d 1312.) Section 505(a) of the Act applicable to child support provides, in pertinent part, as follows:

"Sec. 505. Child Support; Contempt; Penalties. (a) In a proceeding for dissolution of marriage, legal separation, declaration of invalidity of marriage, a proceeding for child support following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or any proceeding authorized under Section 601 of this Act, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable and necessary for his support, without regard to marital misconduct, after considering all relevant factors, including: ***." Ill. Rev. Stat., 1984 Supp., ch. 40, par. 505(a).

Examination of section 505(a) shows, as pertinent to the issue involved herein, that it provides for the award of child support in a proceeding for dissolution of marriage and a proceeding for child support following dissolution of the marriage by a court which originally lacked jurisdiction over the absent spouse. As the parties were divorced in 1964 and the trial court had personal jurisdiction over both parties at that time, section 505(a) is not applicable to plaintiff's petition seeking past child support. Both parties appear to agree that section 505(a) does not apply under the circumstances here.

Defendant contends that the only other applicable statutory child support provision under the Act is section 510(a). Section 510(a) provides:

"Sec. 510. Modification and Termination of Provisions for Maintenance, Support and Property Disposition. (a) Except as otherwise provided in paragraph (f) of Section 502, the provisions of any judgment respecting maintenance or support may

be modified only as to installments accruing subsequent to the filing of the motion for modification with due notice by the moving party and only upon a showing of a substantial change in circumstances. The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." (Ill. Rev. Stat. 1983, ch. 40, par. 510(a).)

Defendant argues that plaintiff's petition must be viewed as a petition to modify the 1964 decree and, as section 510(a) expressly limits modification "only as to installments accruing subsequent to the filing of the motion," the trial court's award of retroactive child support is without authority.

In response to this contention, plaintiff argues first that section 510(a) does not apply to the situation involved herein. She contends that in the 1964 decree no judgment was ever entered regarding child support nor did she seek child support in her original complaint for divorce. Consequently, she maintains, there is no judgment regarding child support and section 510(a) is inapplicable because there is no judgment on child support to modify. We disagree.

At the time the original divorce decree was entered in 1964, the trial court had personal jurisdiction over the parties. Both parties were then minors and appeared through guardians *ad litem.* The plaintiff in her complaint for divorce did not specifically seek child support although she prayed for such further relief "as equity may require." Under section 18 of the Divorce Act then in existence, "the court *may* make such order touching the *** support of the children *** as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just ***." (Emphasis added.) (Ill. Rev. Stat. 1965, ch. 40, par. 19.) In the decree, the court found that defendant had failed to support the child and that plaintiff had been required to support the child solely. The decree further ordered child custody to be with the plaintiff "free from any control, jurisdiction or right of visitation upon the part of defendant." There is no order of child support imposed on defendant, and the decree contained a general clause retaining jurisdiction for the purposes of entering "such orders as may be hereafter required for the support and maintenance of plaintiff and the minor child born of the marriage."

We believe it is evident from the decree that the trial court, which had jurisdiction over the parties, exercised its discretionary authority to set child support by not requiring defendant to pay support. The marriage was short, the parties never lived together, plaintiff had solely supported the child prior to the divorce, plaintiff received cus-

tody without rights of visitation for defendant, and plaintiff did not seek child support. Under the circumstances, it is apparent that plaintiff was desirous then of maintaining her custody and support of the child without the financial obligation or paternal influence of defendant. Thus, in the decree there was no award of child support to plaintiff although the judgment as to child support, nevertheless, was final subject to future modification.

■ Accordingly, we agree with defendant that section 510(a) of the present Act is applicable as plaintiff's petition must be construed as a motion to modify the original decree with respect to child support. Under the express provisions of section 510(a), modification of the existing order of support may be made "only as to installments accruing subsequent to the filing of the motion for modification." Inasmuch as plaintiff's petition was filed in August 1984 when the child was 21 years old and the subsequent order of the court below found that $20 per week child support would be ordered for the prior 18 years the child was a minor, this modification was not in conformance with the express provision of section 510(a). See *In re Marriage of Van Winkle* (1982), 107 Ill. App. 3d 73, 78, 437 N.E.2d 358; *Potocki v. Potocki* (1981), 98 Ill. App. 3d 501, 506, 424 N.E.2d 714.

■ Plaintiff next contends that even if section 510(a) is found to be generally applicable, the Commissioners' Note to the substantially identical section 316(a) of the Uniform Marriage and Divorce Act makes it clear that the intent of this provision was to make any periodic support payment final when it fell due. She argues that this gives "rise to the conclusion that the commissioners had no intent to bar a custodial parent from going back and having a retroactive order entered providing for support during a period of time during which there was no order in effect."

The Commissioners' Note to section 316 provides, in pertinent part, as follows:

"Subsection (a) makes each installment under an order for periodic support or maintenance final and non-modifiable when it falls due. The accrued installments cannot be modified retroactively, and future installments can be modified only as to those falling due after a motion for modification has been filed. The purpose of thus making each installment final and non-modifiable when it becomes due is to give each past due installment the status of a final judgment entitled to full faith and credit in other states pursuant to the decisions of the Supreme Court [citations]." (9A Uniform Laws Annotated section 316, Commissioners' Note, at 184 (1979).)

The Commissioners' Note is not helpful to plaintiff and supports the clear language of the provision that a modification cannot be applied retroactively.

Plaintiff also advances the argument that the decisions in *Gill v. Gill* (1973), 56 Ill. 2d 139, 306 N.E.2d 281, and *Plant v. Plant* (1974), 20 Ill. App. 3d 5, 312 N.E.2d 847, although decided under the former Divorce Act, are supportive of the court's discretionary authority to order retroactive child support dating back to the day of the divorce.

In *Gill*, the issue before the court was whether it was proper for the trial court to direct the father of a child to reimburse the mother for monies expended after their divorce for their child's support during his infancy where the question of child support had been originally reserved and the court at the time of the divorce had not obtained personal jurisdiction over the father. The court interpreted section 18 of the Divorce Act as not restricting the authority of the court to order child support from the date of the divorce where she had not obtained personal service until some 15 years after the divorce. (*Gill v. Gill* (1973), 56 Ill. 2d 139, 142-44, 306 N.E.2d 281.) Section 505(a) of the current Act is consistent with the result reached in *Gill*, but we do not find *Gill* apposite to the facts here where the court originally had personal jurisdiction of defendant and child support was not specifically reserved, but instead was not ordered. Similarly, in *Plant* although the court originally did have jurisdiction over the defendant, the question of child support in the separate maintenance suit was specifically reserved for future ruling by the court. The father in *Plant* at the time of the separate maintenance decree was without funds, unemployed, and confined to a hospital.

Although the court in *Gill* also found that apart from the statute, the trial court under the facts had authority to enter an order of reimbursement, the facts in *Gill* and the cases relied on were situations where the original decree was silent as to child support. While the decree in the instant case made no express finding regarding child support, taken in context of the lack of request for support and the fixing of custody without the right of visitation, the decree is the same as an order not awarding child support rather than silence on that issue. The additional language in the decree that jurisdiction is retained to enter orders for support or maintenance as required, does not indicate to the contrary as it only expresses the rule that child support is always modifiable. (See *In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049, 1053, 430 N.E.2d 569.) Of course, the preferred practice is to eliminate any uncertainty by expressly addressing the issue in the initial judgment.

Finally, plaintiff contends that the majority of States which have ruled on the question have decided that where a divorce decree grants the custody of a minor child to the mother, but makes no provision for the child's support, the father is liable to reimburse the mother for support furnished. (See Annot., 91 A.L.R.3d 530 (1979).) However, because the pertinent statutes differ from State to State and the facts of these decisions are often dissimilar, we are not persuaded that a different result is compelled from that which we reach under the pertinent Illinois statutes previously referred to and the facts herein.

For the foregoing reasons, plaintiff's petition for retroactive child support falls within the provisions of section 510(a) for the modification of a prior order of child support. The original divorce decree, by not providing for child support where the court had jurisdiction to do so and, under the facts where plaintiff made no request for child support, in essence, was an order not awarding plaintiff child support from defendant. Thus, plaintiff's present petition for back child support could only seek modification of installments accruing subsequent to the filing of this petition. The order of back child support for a period of time prior to the petition, and the other provisions implementing this order contained therein, must be reversed.

As neither party has cited or argued the applicability, if such, of section 513 of the Act to this petition brought after the child has reached majority, we do not consider that section. Also, we are not addressing plaintiff's request in her petition for college education support as the order appealed from makes no determination on this point and the parties have not made this an issue on appeal. Our decision on the basis indicated is dispositive of the appeal, and we need not address the alternative grounds urged for reversal by defendant.

The judgment of the circuit court of Lake County is reversed.

Reversed.

SCHNAKE and UNVERZAGT, JJ., concur.