THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* CECILIA Z. PAREDES *et al.*, Petitioners-Appellees, v. FERNANDO JESUS PAREDES, Respondent-Appellant.

First District (5th Division)   No. 84—0522

Opinion filed October 24, 1986.—Rehearing denied January 16, 1987.

Terrence Michael Jordan, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Evelyn B. Clay and Donald R. Havis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

This action was brought to obtain reimbursement of public assistance paid by the State for the support of respondent's children. On remand the trial court entered judgment in favor of petitioners in the amount of $9,893. Respondent appeals from the order of the trial court denying his motion for judgment on the grounds that petitioners failed to prove the necessary elements of their case.

We affirm.

Copetitioner Cecilia Z. Paredes (Cecilia) and respondent were at one time married and had several children. Upon divorcing, Cecilia was given custody of their children. Although gainfully employed after the break-up of the marriage, respondent failed to make child-support payments for a period of approximately five years. Cecilia was, therefore, forced to seek public assistance and began to receive money on a regular basis from copetitioner, the State of Utah (the State), for the support of her children.

The instant action, brought pursuant to Utah's Uniform Reciprocal Enforcement of Support Act (URESA), was instituted by the State in order to obtain reimbursement of the monies paid for the support of the Paredes' children. Although originally filed in Utah, the case was later transmitted to the circuit court of Cook County, where it later came to trial. Respondent's testimony at trial established: (1) that he and Cecilia were married, divorced, and had several children; (2) that he was the father of the children named in the petition; (3) that he was gainfully employed during the period of time in question; and (4) that he did not contribute money to help support the minor children. At the close of all the evidence, each of the parties moved for judgment. The trial court denied both motions and ordered the case dismissed without prejudice. Respondent appealed, and this appellate court reversed and remanded. (*Paredes v. Paredes* (1983), 118 Ill. App. 3d 27, 454 N.E.2d 1014.) On remand, the trial court entered judgment in favor of petitioners in the amount of $9,893. It is from this order that respondent appeals.

OPINION

The sole issue presented to us for review is whether petitioners established a *prima facie* case thereby entitling them to have judgment entered in their favor.

■■ ■ Under Illinois' Revised Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1981, ch. 40, pars. 1201 through 1242), a party seeking reimbursement of support must set forth in his petition, among other things, allegations of paternity and the existence of a duty to support dependents. In the instant case there is no indication that petitioners did not comply with such statutory requirements. In fact, we can legitimately infer that they initiated the subject petition pursuant to those terms because, prior to transmitting the cause to the circuit court of Cook County, the Utah court specifically made a certified finding that the pleadings in this action were in proper form. Furthermore, during his testimony at trial, respondent admitted the material allegations that he was the father of the children named in the petition, and that although he was employed at all times during the period in question, he paid no support money to his wife or the State of Utah. The admissions, together with the inferences that attach to a court's certified findings, clearly reflect that a *prima facie* case was established. Respondent's claim that he is under no obligation to pay because the order of dissolution of marriage did not provide for child support is unfounded and irrelevant to these kinds of proceedings. Under both Illinois and common law, a father is liable for the support of his minor children, even though a prior divorce decree between the father and mother is silent on the subject. (*People ex rel. Hartshorn v. Hartshorn* (1959), 21 Ill. App. 2d 91, 157 N.E.2d 563.) When the father fails to fulfill that duty of support and his children are being supported by another, the father has received a benefit related thereto and the law implies a promise on his part to reimburse the supporter of the children. (*Ball v. Haughton* (1978), 60 Ill. App. 3d 562, 377 N.E.2d 78.) The State of Utah, by granting Cecilia public assistance, took it upon itself to become the supporter of the Paredes' children. Respondent has admitted that his former wife assigned her rights to child support to the Utah Department of Public Aid. In addition, certification of the assignment and affidavit of public aid expenditures for the Paredes minor children were attached to verified petition for reimbursement of support. A State or political subdivision furnishing support has the right to initiate a reimbursement proceeding. (Ill. Rev. Stat. 1981, ch. 40, par. 1208.) Accordingly, petitioners have presented and proved not only the existence of a duty on the part of respondent to support dependents, but their right to be reimbursed for the monies paid for such support.

■■ ■ Where, as in the instant case, the *prima facie* elements of a cause of action are established, the court must consider the

weight and quality of the evidence, including that which is favorable to the defendant, and pass on the credibility of the witnesses. (*Kokinis v. Kotrich* (1979), 74 Ill. App. 3d 224, 392 N.E.2d 697, *aff'd* (1980), 81 Ill. 2d 151, 407 N.E.2d 43.) Respondent argues that the trial court should have considered only whether, from the evidence in favor of petitioners standing alone and when considered to be true, together with inferences which may legitimately be drawn therefrom, a judgment could reasonably have been entered in favor of petitioners. This standard, however, applies only to directed verdicts in a jury trial and not to cases, as here, tried without a jury. (*City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 349 N.E.2d 399.) In a trial without a jury, the trial judge is the trier of fact and, as such, will not only decide whether petitioners have made out a *prima facie* case, but also make a final determination and enter judgment in accordance with the evidence presented to it. The trial court's decision in the instant case to enter judgment for petitioners was not contrary to the manifest weight of the evidence. Petitioners met their burden of proof by a preponderance of the evidence. Respondent, on the other hand, failed to produce any evidence to negate the established *prima facie* case. On review, the decision of the trial court sitting without a jury should not be reversed unless it is contrary to the manifest weight of the evidence. (*Kokinis v. Kotrich* (1979), 74 Ill. App. 3d 224, 392 N.E.2d 697, *aff'd* (1980), 81 Ill. 2d 151, 407 N.E.2d 43.) The judgment of the trial court must therefore be affirmed.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.