*In re* MARRIAGE OF KENNETH ROBERTS, Petitioner-Appellant, and CATHY ROBERTS, Respondent-Appellee.

Third District   No. 3—86—0100

Opinion filed November 6, 1986.

J.D. Flood, of Morris, for appellant.

Gary Dobbs, of Adcock & Dobbs, of Morris, for appellee.

PER CURIAM: This is an appeal from an order of the circuit court of Grundy County in an action for dissolution of the marriage of Ken and Cathy Roberts. Ken, the petitioner, argues on appeal that: (1) the trial court's award of visitation to Cathy infringes on his first amendment rights; (2) the trial court abused its discretion in dividing the marital property; (3) the court erred in failing to order Cathy to pay child support; and (4) the judgment order erroneously provided for interest on the amount he was to pay to Cathy.

The parties were married in 1971, and two children were born of the 12-year marriage. During the marriage, Cathy was primarily a homemaker and Ken was employed by Roberts Sewing Center, which he contracted to purchase in 1978. In March 1983 Cathy filed a petition for dissolution of marriage after she became involved with another man, to whom she is presently married. Ken filed a counterpetition in April of 1983. In a December 1983 order 'dissolving the marriage, Ken was awarded custody of the two minor children and Cathy was awarded visitation rights. Matters of property division and child support proceeded to trial in April 1985. The marital property was divided, and Ken was ordered to pay Cathy $15,000 to equalize the distribution. Cathy was not ordered to pay child support, nor was she to receive any maintenance. Ken's subsequent motion for modification or vacatur of the judgment was denied, and he instituted this appeal.

Ken first seeks to deny Kathy's visitation with the children and asserts that the visitation award infringes on his right to freely act in accordance with his religious beliefs. (U.S. Const., amend. I; Ill. Const. 1970, art. I, sec. 3.) He claims that by complying with the visitation order he is forced to condone Cathy's adulterous acts, which is contrary to the dictates of his religion. Therefore, Ken asserts that Cathy's visitation rights must be terminated. We disagree.

■ We find that the award of visitation imposes absolutely no

constitutional limitation here. The order is unrelated to Ken's freedom to practice his religion as he desires because the order is directed only at the rights of the noncustodial parent to visit with the children. It does not impinge on Ken's own religious freedom. While Ken, like most custodial parents, is concerned with instilling his children with his beliefs and values, it is just a concern and not an absolute right. And in this particular case, Ken's desire to deny visitation to avoid condoning adultery is in direct conflict with Illinois law. Section 607(a) of the Illinois Marriage and Dissolution of Marriage Act provides that the noncustodial parent is entitled to reasonable visitation rights. (Ill. Rev. Stat. 1985, ch. 40, par. 607(a).) Based on the belief that the best interests of the child are usually fostered by maintaining a close relationship with both parents, the policy in Illinois is to grant liberal visitation rights to the noncustodial parent. (*In re Marriage of Brophy* (1981), 96 Ill. App. 3d 1108.) These liberal visitation rights are not to be restricted as punishment for past conduct of the parent. (*In re Marriage of Lawver* (1980), 82 Ill. App. 3d 198.) Furthermore, it is well settled that the trial court has broad discretion in fashioning the terms of visitation and that these determinations will not be overturned absent proof that the court abused its discretion. Abuse of discretion is not specifically alleged here, so we will not disturb the decision of the trial court on that basis. We note peripherally, however, that the court's concern in awarding reasonable visitation was the best interests of the children and that the evidence presented would not support a finding of abuse of discretion.

■ Ken next argues that the trial court's division of marital property was an abuse of discretion. The trial court awarded Ken the family business, known as Roberts Sewing Center, which was purchased for $30,000 plus interest. He also received the mobile home and other items of marital property with a total value of approximately $10,700. Cathy received marital property valued at approximately $16,500 and was to receive $15,000 plus interest from Ken to equalize the distribution. Ken argues that, even without considering the business, the division is unjust. He also maintains that the inequity is exacerbated when the business is considered because the business is indebted and much of its inventory is old and unmarketable.

Section 503(d) of the Illinois Marriage and Dissolution of Marriage Act requires the court to divide marital property in "just proportions." (Ill. Rev. Stat. 1985, ch. 40, par. 503(d).) The statute does not require an equal division of marital property, but an equitable one. The distribution of marital property lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of

discretion. (*In re Marriage of Shafer* (1984), 122 Ill. App. 3d 991.) Further, it is established that the date of valuing marital assets prior to division is the date the judgment of dissolution was entered. *In re Marriage of Brooks* (1985), 138 Ill. App. 3d 252.

■ With these principles in mind, we find ample support for the trial court's division of the property. Ken's testimony established that he contracted to purchase the business in 1978 for $30,000. He testified that the purchase price reflected the value of the inventory and the goodwill associated with the business. After paying the first annual installment of $10,000, he made no further payments until a new contract for sale was drawn up in 1983, a few months prior to the parties' divorce. This contract required payment of the balance of the principal, which was $20,000, plus stated interest over a two-year term. When the parties separated in 1983, the business checking account contained more than $13,000 and business assets were sufficiently liquid so that Ken was able to withdraw $20,000, which he gave to his brother to hold for the benefit of Ken and Cathy's children. Ken subsequently retrieved the money from his brother and used it to pay the $20,000 he owed as principal on the contract to purchase the business. The purchase price of $30,000 is certainly relevant in determining the value of the business, especially in light of the fact that Ken offered no expert valuation. Furthermore, the court here had before it evidence of an on-going business with a gross income of over $75,000 in 1983. Thus, the trial court's award of property valued at over $10,000 and the business to Ken, and property valued at over $16,000 plus a $15,000 cash award to Cathy cannot be considered unreasonable or an abuse of discretion. A division of property is not unfair merely because the party is displeased with it. *In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123.

■ Ken contends next that the court erred in failing to order Cathy to pay child support, particularly when the distribution of marital assets is considered. Like the division of property, determination of child support is a matter within the trial court's discretion. The court received evidence of income and expenses from Ken and Cathy. Cathy testified that her sole independent income after she and Ken separated was $200 she earned selling brushes on a commission basis during the two months prior to trial. In view thereof, the trial court could reasonably have concluded that Cathy was not financially able to contribute to the support of the parties' children at this time.

■ Ken's final argument on appeal is that the judgment order erroneously provided for interest on the $15,000 payment he was to make to Cathy. The trial court has the power to award interest on

judgments entered in dissolution proceedings. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1303.) The order providing for interest was prepared by Cathy's attorney, was approved by Ken's attorney, and was signed by the trial court. Although the court later stated it did not intend to address the issue of interest in the order, the provision was not stricken during post-trial proceedings. Thus, we feel compelled to affirm the award of interest.

For the foregoing reasons, we affirm the judgment of the circuit court of Grundy County.

Affirmed.