JOHN WILLIAM CONNER, Plaintiff-Appellee, v. RUTH ANN WATKINS, f/k/a Ruth Ann Conner, Defendant-Appellant.

Fourth District    No. 4—87—0056

Opinion filed July 16, 1987.

Burger, Fombelle, Baxter, Zachry & Rathbun, P.C., of Decatur, for appellant.

Frank H. Byers, of Byers, Byers & Greenleaf, Ltd., of Decatur, for appellee.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

The parties to this action were married in 1958 and were divorced by a decree entered in the circuit court of Macon County on October 30, 1972. Pursuant to a juvenile petition filed in September of 1971, orders had been entered on February 8, 1972, adjudicating the parties' five minor children wards of the court, and the Guardianship Administrator of the Illinois Department of Children and Family Services was

appointed guardian of the persons of the children with power to place the children.

During the hearing on his complaint for divorce, on October 30, 1972, plaintiff testified that the parties' children were then in foster care pursuant to the juvenile proceedings, that he was paying $36 per month as support for the children, and that he was requesting the court in the divorce case to reserve judgment with respect to the children, "for the juvenile court." At the conclusion of that hearing, the judge's pronouncements included the following: "Question of custody, right of reasonable visitation and child support of said five minor children reserved by the court until final dispotion [sic] of 71—J—322, In the Interest of John William Conner, Jr., now pending in this court." The decree of divorce included an order "[t]hat the question of custody of the said minor children of the parties hereto shall be reserved for the consideration of the juvenile court under proceeding number 71—J—322," but made no reference to the question of support for the children of the parties.

A further dispositional hearing was held in the juvenile proceeding on December 28, 1973, at which time the guardian of the parties' children was granted authority to place them in the custody of defendant in Tulsa, Oklahoma, under continuing supervision of the guardian. In March of 1975 the guardian reported that the children were doing well in the home of defendant and her new husband in Oklahoma and recommended the release of the children from guardianship. On March 21, 1975, upon the guardian's petition for discharge, he was discharged as guardian of the children of the parties and the juvenile proceeding was dismissed and stricken.

Defendant and her new husband took the children of the parties home with them to Oklahoma on December 28, 1973, and the children continued in her care and custody thereafter.

On April 16, 1986, defendant petitioned the circuit court of Macon County, Illinois, for an award of current child support for Richard, one of the parties' children. In addition to current child support for Richard, defendant sought an order for reimbursement of support provided by her and her present husband to the children of the parties while in her custody. When the five children of the parties were placed in defendant's custody they ranged in age from 2 to 14. The four elder children continued in her custody until attaining age 18 or being otherwise emancipated, and Richard was 15 years old at the time that defendant filed her petition.

Following a hearing on November 19, 1986, the trial court ordered plaintiff to pay child support for Richard at the rate of $26 per week.

The trial judge denied defendant's request for reimbursement of support contributed to the children prior to April of 1986, on the grounds that defendant had waived her right to such reimbursement. The order was entered December 30, 1986, and was corrected on the court's own motion on January 16, 1987; defendant filed a timely notice of appeal on January 23, 1987.

The only issue raised on appeal is whether the trial court erred by refusing to order plaintiff to reimburse defendant for amounts expended by defendant to support the parties' children between the time the judgment of dissolution was granted and the date of the petition for modification of the judgment. We agree with the trial court that an order for reimbursement under the circumstances of this case would be improper. Consequently, we affirm the order of the trial court.

Section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)) provides:

> "Except as otherwise provided in paragraph (f) of Section 502, the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification with due notice by the moving party and only upon a showing of a substantial change in circumstances. The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State."

In *Nerini v. Nerini* (1986), 140 Ill. App. 3d 848, 488 N.E.2d 1379, the court, in considering a decree of divorce entered prior to the enactment of the current Act followed by a petition for retroactive child support which was filed subsequent to the enactment of the new Act, stated the law to be as follows:

> "The original divorce decree, by not providing for child support where the court had jurisdiction to do so and, under the facts where plaintiff made no request for child support, in essence, was an order not awarding plaintiff child support from defendant. Thus, plaintiff's present petition for back child support could only seek modification of installments accruing subsequent to the filing of this petition. The order of back child support for a period of time prior to the petition, and the other provisions implementing this order contained therein, must be reversed."

140 Ill. App. 3d 848, 856, 488 N.E.2d 1379, 1384-85.

The facts in *Nerini* are similar to the facts of the instant case. In both cases, the courts in the divorce proceedings had jurisdiction over both parties. Both cases involved a long period of time between the

entry of the divorce decree and the time the petition for modification was filed. The only fact which distinguishes the two cases is that in *Nerini*, the court made no mention of support in entering its order, whereas in the instant case, the trial judge stated that he was reserving his ruling on the issues of custody and support of the minor children. We note, however, that the decree of divorce in the instant case mentions custody but not support. We conclude that there is no valid distinction between the fact pattern in *Nerini* and the facts of the instant case which would warrant a different result in the two cases. In both of these cases, no award of support was made in the original judgment. Obviously, any subsequent award of support would constitute a modification of the previous judgment, thereby bringing the case within the purview of section 510(a) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)), which prohibits the award of retroactive support.

The cases relied upon by defendant are inapposite to the instant appeal. Defendant relies heavily upon *Gill v. Gill* (1973), 56 Ill. 2d 139, 306 N.E.2d 281. This case was decided prior to the enactment of the new Act, and is further clearly distinguishable due to the fact that the court in the divorce proceedings did not have personal jurisdiction over one of the parties, thereby bringing the case within the province of section 505(a) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 505(a)). Defendant also relies upon *People ex rel. Paredes v. Paredes* (1986), 150 Ill. App. 3d 692, 502 N.E.2d 273. That case was decided pursuant to the provisions of the Revised Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1981, ch. 40, pars. 1201 through 1242), and has no applicability to the instant case.

The other cases relied upon by defendant were either decided prior to the enactment of the new Act (*e.g., Nelson v. Nelson* (1974), 17 Ill. App. 3d 651, 308 N.E.2d 132; *Cessna v. Montgomery* (1975), 28 Ill. App. 3d 887, 329 N.E.2d 861) or involve a situation where no personal jurisdiction over one of the parties was obtained in the original proceedings (*In re Marriage of Cuberly* (1985), 135 Ill. App. 3d 55, 481 N.E.2d 830).

We conclude that the trial court properly denied defendant's request for retroactive child support. (Ill. Rev. Stat. 1985, ch. 40, par. 510(a); *Nerini v. Nerini* (1986), 140 Ill. App. 3d 848, 488 N.E.2d 1379.) Consequently, we hereby affirm the order of the circuit court of Macon County.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.