*In re* MARRIAGE OF FRANCES KRAFT, n/k/a Frances Tullis, Petitioner-Appellee, and MARTIN KRAFT, Respondent-Appellant.

Second District   No. 2—91—0091

Opinion filed August 13, 1991.

Charles W. Clark and Curt P. Rehberg, both of Charles W. Clark, Ltd., of Crystal Lake, for appellant.

Frank G. Roux, of Frank G. Roux, Ltd., of Lake Zurich, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Respondent, Martin Kraft, appeals from an order of the circuit court of McHenry County denying his petition seeking child support arrearages from petitioner, Frances Tullis. Respondent raises on appeal the issue whether the trial court erred in holding that the judgment of dissolution of marriage relieved the noncustodial parent of child support obligations. We affirm.

The parties' marriage was dissolved on December 29, 1981, in Cook County circuit court. The court incorporated into the judgment a settlement agreement entered into by the parties, which provided that respondent be the physical custodian of their minor child and that he pay $100 per week for support of the child for those periods of time when the child would be in petitioner's physical custody. The

agreement further provided that respondent's obligation for the support and maintenance of the child shall continue until the child is emancipated.

In July 1990 the circuit court of Cook County granted respondent's motion to transfer the cause to McHenry County. On August 6, respondent filed a petition for child support, alleging that petitioner was obligated to pay support in the amount of $250 per month.

On October 24, 1990, respondent filed a second petition for support arrearages. In this second petition, respondent alleged that the dissolution judgment did not contain any provision regarding petitioner's child support obligations and it did not relieve her of such obligations. In addition, the petition stated that petitioner was employed from December 28, 1981, until March 1990.

On December 20, 1990, following a hearing, the trial court found that the dissolution judgment relieved petitioner of child support obligations. Consequently, the court denied the petition for arrearages. Respondent then timely filed this appeal.

■ At the outset, we note that petitioner, in her appellee's brief, fails to cite any authority in support of her arguments. This failure constitutes a breach of Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)), which results in a waiver of those arguments on appeal. We will not reverse the trial court's order on this basis, however, but will instead review the issue under the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131-33.

Respondent contends that the trial court should have granted the petition for child support arrearages because the dissolution judgment did not relieve petitioner of her child support obligations. Respondent cites several early cases in support of his argument that the noncustodial parent is not relieved of child support obligations when the dissolution judgment makes no provision for the care or custody of a minor child.

■ All of those cases preceded the enactment of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 101 *et seq.*) and are therefore inapposite. (*Conner v. Watkins* (1987), 158 Ill. App. 3d 759, 762.) In *Conner*, the court held that when the dissolution judgment does not provide for child support, such an award cannot be made retroactively but can be modified only pursuant to section 510(a) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)). *Conner*, 158 Ill. App. 3d at 762.

■ ■ Moreover, section 505(a) of the Act provides that the trial court "may order either or both parents owing a duty of support to a

child of the marriage to pay an amount reasonable and necessary for his support." (Ill. Rev. Stat. 1989, ch. 40, par. 505(a).) According to the rules of statutory construction, the term "may" generally denotes a discretionary act. (*In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 298.) Under section 505(a) of the Act, the duty of support is contingent upon the earning capacity of the parties. If one parent earns significantly more than the other, it is only equitable that parent pay a greater share of support. (*In re Marriage of Rogliano* (1990), 198 Ill. App. 3d 404, 413.) When the custodial parent has sufficient income to support the child, but the noncustodial parent is not able to contribute financially, it is not an abuse of discretion for the trial court to order that the noncustodial parent is not obligated to pay child support. (*In re Marriage of Roberts* (1986), 151 Ill. App. 3d 65, 68.) Thus, as was done in the present cause, the trial court may properly order that the noncustodial parent is not required to pay child support.

Respondent did not object to the terms of the dissolution judgment which incorporated the settlement agreement. The transcript from the hearing on December 30, 1981, shows that the parties understood that respondent was to provide the sole support for their child. Respondent never appealed the dissolution judgment. He cannot now collaterally attack the judgment by claiming that petitioner should have been ordered to pay child support. (See *In re Marriage of Yakubec* (1987), 154 Ill. App. 3d 540, 543-44; *In re Marriage of Wardell* (1986), 149 Ill. App. 3d 537, 542-43.) We therefore affirm the order of the circuit court denying the petition for child support arrearages.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

McLAREN and DUNN, JJ., concur.