BEVERLY JOHNSON, Petitioner-Appellant, v. CHARLES E. JOHNSON, Respondent-Appellee.

First District (2nd Division)   No. 1—93—0794

Opinion filed June 7, 1994.

HARTMAN, J., dissenting.

Jack O'Malley, State's Attorney, of Chicago (Robert F. Lyons and Leonard N. Foster, Assistant State's Attorneys, of counsel), for appellant.

No brief filed for appellee.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

Petitioner Beverly Johnson appeals from a circuit court order denying reimbursement for support furnished by the Georgia Department of Family and Children's Services. She seeks reversal and remandment, raising the issue of whether the circuit court properly denied reimbursement to a public agency, where the issue of support was expressly reserved in the underlying marriage dissolution judgment.

Petitioner and respondent Charles E. Johnson were married in Chicago, Illinois, on August 3, 1968. A judgment of dissolution was entered on March 18, 1987. Petitioner was awarded custody of the couple's five minor children, but the dissolution order expressly reserved child support and visitation for a later date because respondent was unemployed and his earnings were unknown.

On July 23, 1992, petitioner initiated this action by filing a petition pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (URESA) (750 ILCS 20/1 *et seq.* (West 1992)) in the superior court of Gwinnett County, Georgia. The petition included a certification by a Georgia official that the State of Georgia had paid $1,408 for the support of respondent's minor children between March and July of 1992. After the petition was certified by a judge of the Georgia court on August 26, 1992, the matter was transferred to the circuit court of Cook County and respondent received personal service of summons on December 21, 1992.

At a default hearing on February 2, 1993, the circuit court entered an order requiring respondent to pay $330 each month in support, but refused to award any reimbursement for prior expenses. The court found that because the issue of support had been reserved in the underlying divorce decree, neither petitioner nor the Georgia

State agency that provided the support had a right to collect reimbursement for past support.

On appeal, petitioner argues that a claim for reimbursement of support previously furnished is a separate right of action not governed by the judgment of dissolution. She maintains that because respondent had a common law duty to support his minor children independent of the provisions of the divorce decree, the circuit court's order should be reversed and the cause remanded for adjudication of Georgia's claim.[1]

■ The purpose of URESA is to enable a dependent in one State to enforce a duty of support owed by a person residing in another State. (*People ex rel. Noah v. Gasik* (1980), 91 Ill. App. 3d 980, 982, 415 N.E.2d 452; *People ex rel. Kerl v. Kerl* (1979), 75 Ill. App. 3d 347, 349, 393 N.E.2d 1305.) URESA creates no duty of support itself, but instead simply provides a means to enforce a duty of support as it may exist under the law of the responding State. (*Department of Public Aid v. Peterson* (1987), 156 Ill. App. 3d 657, 659, 509 N.E.2d 146; *People ex rel. Gribbins v. Skopitz* (1985), 135 Ill. App. 3d 76, 78, 481 N.E.2d 815.) Thus, the question before us is whether a separate duty of support exists when the dissolution decree expressly reserves the issue of support. We hold that it does.

In *People ex rel. Paredes v. Paredes* (1986), 150 Ill. App. 3d 692, 502 N.E.2d 273, this court affirmed an order obligating a father to reimburse the State of Utah for $9,893 it had provided for the support of his minor children. The court stated:

> "Under both Illinois and common law, a father is liable for the support of his minor children, even though a prior divorce decree between the father and mother is silent on the subject. [Citation.] When the father fails to fulfill that duty of support and his children are being supported by another, the father has received a benefit related thereto and the law implies a promise on his part to reimburse the supporter of the children." *Paredes*, 150 Ill. App. 3d at 694.

Similarly, in *People ex rel. Hartshorn v. Hartshorn* (1959), 21 Ill. App. 2d 91, 157 N.E.2d 563, the court stated:

> "Independent of the provisions of the Uniform Reciprocal Enforcement of Support Act, when the parents of a child are divorced and no mention is made in the decree for the care and

---

[1] We note that respondent has not filed a brief in this matter. We consider the merits of petitioner's argument, however, under the authority of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493 (stating that a reviewing court may decide the merits of an appeal without an appellee's brief "if justice requires").

custody of the minor child, under the law, the father is still bound to provide a reasonable and proper support for the minor child[.]" *Hartshorn*, 21 Ill. App. 2d at 101.

Although we recognize that both *Paredes* and *Hartshorn* differ from the instant case in that the dissolution order in each of those cases was silent on the issue of support rather than expressly reserving it, we consider that difference irrelevant for purposes of URESA.

■ Under URESA, a "duty of support" is any such duty "imposed or *imposable by law* or by order or judgment of any court, whether interlocutory or final or whether incidental to an action for dissolution of marriage, legal separation, or otherwise and includes the duty to pay arrearages of support past due and unpaid." (Emphasis added.) (750 ILCS 20/2(b) (West 1992); see also *People ex rel. Lightbody v. Lightbody* (1983), 117 Ill. App. 3d 119, 121, 451 N.E.2d 890 (stating that the use of the word "imposable" indicates that the duty need not be one previously imposed by a court).)[2] Because respondent here bore the common law obligation to support his minor children aside from any such duty imposed as part of the dissolution, we hold that the court erred when it denied reimbursement.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded for proceedings on the merits of the petition.

Reversed and remanded.

SCARIANO, J., concurs.

JUSTICE HARTMAN, dissenting:
I respectfully dissent from the decision of the majority.

The majority holds, in effect, that a claim for reimbursement of support is a separate right of action not governed by the judgment of dissolution, relying upon *People ex rel. Paredes v. Paredes* (1986), 150 Ill. App. 3d 692, 502 N.E.2d 273, and *People ex rel. Hartshorn v. Hartshorn* (1959), 21 Ill. App. 2d 91, 157 N.E.2d 563. In *Paredes*, this court

---

[2]The dissent, by relying on section 510(a) of the Marriage and Dissolution of Marriage Act (750 ILCS 5/510(a) (West 1992)) as a basis for affirmance, disregards the express language of URESA and treats the use of the word "imposable" as mere surplusage. Because a court must construe statutes so that no word or phrase is rendered superfluous or meaningless (*Kraft, Inc. v. Edgar* (1990), 138 Ill. 2d 178, 189, 561 N.E.2d 656), we reject the dissent's conclusion that section 510(a) controls in this case.

held that a father is liable for the support of his minor children even though a prior dissolution judgment is silent on the issue of support. (*Paredes*, 150 Ill. App. 3d at 694.) In *Hartshorn*, the appellate court was faced with similar facts and issues. The *Hartshorn* court stated:

> "Independent of the provisions of the Uniform Reciprocal Enforcement of Support Act, when the parents of a child are divorced and *no mention* is made in the decree for the care and custody of the minor child, under the law, the father is still bound to provide a reasonable and proper support for the minor." (Emphasis added.) (*Hartshorn*, 21 Ill. App. 2d at 101.)

In neither *Hartshorn* nor *Paredes*, however, did the dissolution judgments mention the issue of support. In contrast, here, the undisputed facts reveal that the dissolution judgment entered on March 18, 1987, specifically reserved child support and visitation, and expressly retained jurisdiction for purposes of any modification dictated by necessity.

Section 510(a) of the Marriage and Dissolution of Marriage Act (750 ILCS 5/510(a) (West 1992)) specifically provides that "the provisions of any judgment respecting maintenance or support may be modified *only as to installments accruing subsequent* to due notice by the moving party of the filing of a motion for modification and only upon a showing of a substantial change in circumstances." (Emphasis added.) Illinois cases interpret section 510(a) as controlling in non-URESA actions. (*In re Marriage of Kraft* (1991), 217 Ill. App. 3d 502, 504, 577 N.E.2d 522; *Conner v. Watkins* (1987), 158 Ill. App. 3d 759, 762, 511 N.E.2d 200. See *Rimkus v. Rimkus* (1990), 199 Ill. App. 3d 903, 906-07, 557 N.E.2d 638.) A dissolution judgment reserving support constitutes a final judgment as to child support which limits modification of the original judgment to child support accruing subsequent to filing a modification petition and thereby precludes the imposition of retroactive support. (*Nerini v. Nerini* (1986), 140 Ill. App. 3d 848, 488 N.E.2d 402.) There is no reason suggested as to why the rule should be ignored in URESA cases.

In the present case the dissolution judgment which reserved support was a final judgment setting respondent's support obligation at zero. Nothing in the URESA documents shows that petitioner was seeking "modification of [an] existing responding state order" or "collection of arrears," although that is what she undertook to secure, without notice, and contrary to the dissolution judgment and Illinois law. Petitioner should have sought modification and thereby changed respondent's future support obligations but did not. Her present appeal effectively is an attempt to impose the type of retroactive support specifically precluded in Illinois. Although a claim for

reimbursement under URESA is not necessarily dependent upon a judgment of dissolution as its basis, a URESA claim for reimbursement has no independent basis for the imposition of a support order. (*People ex rel. Oetjen v. Oetjen* (1981), 92 Ill. App. 3d 699, 416 N.E.2d 402.) URESA creates no duty to support but simply provides *a means to enforce a duty to support as it may exist under the law of the responding* State. *Oetjen*, 92 Ill. App. 3d at 705.

Under URESA, a State furnishing support to an individual obligee has the same, but no greater, right to collect as does the obligee. 750 ILCS 20/8 (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 40, par. 1208).

Here, petitioner has failed to show the existence of a retroactive right by the obligee to collect support for the period of March through July 1992. The dissolution judgment entered specifically reserved the issue of child support and thereby precluded the imposition of a retroactive support award and the requested reimbursement.

Accordingly, I would affirm the order of the circuit court.